Jan K. JENSON, Plaintiff-Appellant,†

v.

EMPLOYERS MUTUAL CASUALTY COMPANY, a
foreign insurance corporation, Wausau Underwriters
Insurance Company, a domestic insurance corporation,
Tower Insurance Company, Inc., a domestic insurance
corporation, and Guy Little, Sr., Defendants-
Respondents.

Court of Appeals

*No. 89-0961. Orally argued December 22, 1989.—Decided
January 9, 1990.*

(Also reported in 453 N.W.2d 165.)

† Petition to review granted.

For plaintiff-appellant, Jan K. Jenson, there were briefs and oral argument by *Daniel Snyder* of *DeBardeleben & Associates* of Park Falls.

For defendant-respondent, Employers Mutual Casualty Company, there was a brief by *Kenneth A. Knudson* and *Chris A. Gramstrup* and oral argument by *Chris A. Gramstrup* of *Gee, Hendricks, Knudson & Gee, S.C.,* of Superior.

For defendant-respondent, Wausau Underwriters Insurance Company, there was a brief by *Stephen R. Bick* and *Theodore D. Salzer* and oral argument by *Theodore D. Salzer* of *Witkin, Till & Bick, Ltd.,* of Superior.

Before Cane, P.J., Myse and Eich, JJ.

MYSE, J.   Jan Jenson appeals a summary judgment dismissing her claim against Guy Little for intentional infliction of emotional distress. Jenson claims the trial court erred when it concluded that the Wisconsin Worker's Compensation Act (WCA), through its provisions of exclusivity, barred her tort claim. She argues that injuries caused by intentional conduct are not covered by the WCA, that emotional injuries are not covered by the WCA and that the intentional infliction of emotional distress is specifically exempted by the assault exception to the Act's exclusivity provision. Because intentional acts and emotional injuries are covered by the WCA and the intentional infliction of emotional distress is not an assault within the terms of the Act, we affirm.

Jenson was the clerk and treasurer of the village of Solon Springs. Guy Little was the village president. Jenson and Little had several conflicts over village business

and Little publicly accused Jenson of lying, dishonesty, and incompetence in her capacity as clerk-treasurer.

Jenson claims that, as a result of these public accusations, she developed disabling emotional distress leading to physical illnesses. She filed a tort claim against Little for intentional infliction of emotional distress. The trial court concluded that these injuries were covered by ch. 102, Stats., the WCA, and independent tort actions were barred by the exclusivity provision of the Act. The court granted a summary judgment of dismissal and Jenson now appeals.

■

In reviewing a grant of summary judgment, an appellate court is governed by the same standards as the trial court. *Green Spring Farms v. Kersten,* 136 Wis. 2d 304, 315, 401 N.W.2d 816, 820 (1987). We must analyze and apply the law independently, without deference to the trial court. *Radlein v. Industrial Fire & Cas. Ins. Co.,* 117 Wis. 2d 605, 613, 345 N.W.2d 874, 878–79 (1984). The methodology has been described in many cases such as *Preloznik v. City of Madison,* 113 Wis. 2d 112, 116, 334 N.W.2d 580, 582–83 (Ct. App. 1983), and we need not repeat it here.

Little claims that the exclusivity provision of the Act bars Jenson's claim. Jenson argues that her claim is not covered by the WCA because her injury was the result of an intentional act. Alternatively, she suggests that intentional infliction of emotional distress is an assault with words and the assault exception to the exclusivity bar allows her claim.

■

Section 102.01(2)(c), Stats., defines "injury" as harm "caused by accident or disease." Jenson argues that she was not "injured" under the terms of the Act because intentionally inflicted injuries are not injuries

caused by accident or disease. However, the intentional nature of Little's conduct does not remove the injury from the Act's coverage. Intentional acts are covered by the WCA. *Beck v. Hamann,* 263 Wis. 131, 56 N.W.2d 837 (1953). Despite the apparently limiting language of the Act, our courts have interpreted the term "accident" to include intentional acts. "Under the Worker's Compensation Act even an intentionally inflicted injury is deemed an accident." *Jadofsky v. Iowa Kemper Ins. Co.,* 120 Wis. 2d 494, 498, 355 N.W.2d 550, 553 (Ct. App. 1984).

Jenson further argues that emotional injuries are not covered by the WCA. The two cases principally dealing with emotional injuries are *School District No. 1 v. DILHR,* 62 Wis. 2d 370, 215 N.W.2d 373 (1974) and *Swiss Colony, Inc. v. DILHR,* 72 Wis. 2d 46, 240 N.W.2d 128 (1976).

In *School District No. 1,* the supreme court held that emotional and mental injuries must have been caused by more than day-to-day stress in order to be covered by the WCA. *Id.* at 377-78, 215 N.W.2d at 377. Although the court denied coverage under the specific facts, it noted: "We do not believe that an average man who, after being criticized and berated by an employer or whomever for a significant period of time, suffers a mental injury should be denied compensation." *Id.* at 378, 215 N.W.2d at 378. In *Swiss Colony,* the supreme court found WCA coverage under circumstances similar to Jenson's, including the critical attitude of the claimant's supervisor. *Id.* at 52, 240 N.W.2d at 131.

Jenson's injury is the type of injury that mandates coverage, consistent with *School District No. 1* and *Swiss Colony.* She was subject to public criticism and berated beyond anything ordinarily accompanying her

job. This type of injury, sustained over a length of time, is exactly what is described in *School District No. 1.*

Having concluded that Jenson's injury is covered by the WCA, we next examine sec. 102.03(2), Stats., which provides for an exception to the exclusive remedy of worker's compensation. That section provides, in pertinent part:

> (2) Where such conditions [of worker's compensation liability] exist the right to the recovery of compensation under this chapter shall be the exclusive remedy against the employer, any other employe of the same employer and the worker's compensation insurance carrier. *This section does not limit the right of an employe to bring action against any coemploye for an assault intended to cause bodily harm* . . .. (Emphasis supplied.)

Interpretation of a statute is a question of law, which we review without deference to the trial court. *Town of Seymour v. City of Eau Claire,* 112 Wis. 2d 313, 319, 332 N.W.2d 821, 823 (Ct. App. 1983).

In construing a statute, we must first resort to the statutory language itself. *Id.* Absent ambiguity, the words of the statute must be given their obvious and ordinary meaning. *Id.* at 319, 332 N.W.2d at 823-24. Whether the statutory standards of the WCA apply to undisputed facts is also a question of law. *Nigbor v. DILHR,* 115 Wis. 2d 606, 611, 340 N.W.2d 918, 921 (Ct. App. 1983).

Jenson's only potentially applicable exception is a tort claim against a co-employee for an assault intended to cause bodily harm. Jenson alleges she sustained emotional injuries resulting from Little's public criticisms of

her work performance. The question is whether Little's actions in publicly criticizing Jenson constitute an "assault intended to cause bodily harm."

Although "assault" is undefined in the WCA, it has been defined elsewhere as an "attempt, coupled with apparent and real present ability, to do bodily harm to another." *Meyer v. Briggs,* 18 Wis. 2d 628, 630, 119 N.W.2d 354, 355 (1963). This is consistent with the language used in sec. 102.03(2)—"assault intended to cause bodily harm." Here, there was no threat of physical violence against Jenson. Under these circumstances, we cannot conclude that Little "assaulted" Jenson by publicly criticizing her job performance.

We therefore conclude that the exclusivity provisions of the WCA bar her claim. Accordingly, we affirm the trial court's grant of a summary judgment of dismissal.

*By the Court.*—Judgment affirmed.