Deanna BECKER, Petitioner-Appellant,†

v.

AUTOMATIC GARAGE DOOR COMPANY, Dale
Wheeler and James Trinko, Defendants-Respondents.

Court of Appeals

*No. 89-1029. Submitted on briefs December 7, 1989.—Decided
April 24, 1990.*

(Also reported in 456 N.W.2d 888.)

†Petition to review denied.

On behalf of plaintiff-appellant, the cause was submitted on the briefs of *James R. Bartholomew* and *Robert A. Wertheimer* of Hudson.

On behalf of defendants-respondents, the cause was submitted on the brief of *Joel D. Porter* of *Gilbert, Mudge, Porter & Lundeen* of Hudson.

Before Cane, P.J., LaRocque and Myse, JJ.

LaROCQUE, J.   Deanna Becker appeals a summary judgment dismissing her complaint against her former employer, Automatic Garage Door Company, and two company supervisors, Dale Wheeler and James Trinko. The circuit court ruled that the Wisconsin Fair Employment Act (WFEA), secs. 111.31 to 111.395, Stats., provided the exclusive remedies for all nine of her claimed causes of action and that her failure to pursue the administrative procedures of the WFEA jurisdictionally foreclosed the court from granting Becker relief. The order of dismissal states that the WFEA preempts common-law actions and that each of Becker's claims "involves a claim of sexual harassment in one form or another by her supervisors, Wheeler and Trinko, while she was employed" by the company.

While we agree that Becker's employment discrimination claims based upon new rights created by the WFEA must be pursued administratively, her claims against Wheeler and Trinko for battery are not employment discrimination claims but are viable common-law torts for which she is entitled to maintain an independent action. Becker's claim for defamation is barred by the exclusive remedy provision of the Wisconsin Worker's Compensation Act (WCA). We therefore remand the battery claims and affirm the rest of the judgment.

■

Unlike the WCA, the WFEA does not expressly provide that its procedures and remedies are exclusive for conduct prohibited by the Act. We read prior case law to imply that common-law torts recognized before the adoption of the WFEA, if properly pled independently of an employment discrimination claim, are not barred by

the Act.[1]

The WFEA exclusivity restriction was articulated in *Ross v. Ebert,* 275 Wis. 523, 528, 82 N.W.2d 315, 318 (1957): "Where the law gives a *new remedy* to meet a *new situation,* the remedy provided by the law is exclusive." (Emphasis supplied.) This limitation underlies the rulings in later decisions. In *Yanta v. Montgomery Ward & Co.,* 66 Wis. 2d 53, 224 N.W.2d 389 (1974), the court held that a plaintiff could not seek tort damages for mental anguish arising out of her WFEA claim for employment discrimination based on sex. In *Bachand v. Connecticut Gen'l Life Ins. Co.,* 101 Wis. 2d 617, 305

---

[1]The WFEA provides in relevant part:
Section 111.321:

[N]o *employer . . .* or other person may *engage in any act of employment discrimination* as specified in s. 111.322 against any individual *on the basis of* age, race, creed, color, handicap, marital status, *sex,* national origin, ancestry, arrest record, conviction record or . . . military [status]. (Emphasis supplied.)

Section 111.36:

(1) *Employment discrimination because of sex includes,* but is not limited to . . .

. . ..

(b) *Engaging in sexual harassment; . . .* or permitting sexual harassment to substantially interfere with an emploYe's work performance or to create an intimidating, hostile or offensive work environment . . .. [a]n employer . . . is presumed liable for an act of sexual harassment . . . by any of its employes . . . if the act occurs while the complaining employe is at his or her place of employment . . . if the complaining employee informs the employer . . . and if the employer . . . fails to take appropriate action within a reasonable time. (Emphasis supplied.)

Section 111.32(13):

"Sexual harassment" means unwelcome sexual advances, unwelcome physical contact of a sexual nature, or unwelcome verbal or physical conduct of a sexual nature.

N.W.2d 149 (Ct. App. 1981), we rejected a plaintiff's similar tort claim arising out of employment discrimination against a "handicapped person," in particular, one suffering from the disease of alcoholism. In *Bourque v. Wausau Hosp. Ctr.,* 145 Wis. 2d 589, 427 N.W.2d 433 (Ct. App. 1988), we rejected the plaintiff's tort claim arising out of alleged employment discrimination claiming an unlawful discharge in retaliation for plaintiff's assistance to others in an equal rights proceeding against the employer.

In each of these cases, the plaintiff sought to enforce a right unrecognized in Wisconsin prior to the adoption of the WFEA. In *Ross,* where two blacks sought entry into a labor union, the court refused to recognize racial discrimination in employment as an act subject to civil relief. *Id.* at 530–31, 82 N.W.2d at 319–20. Similarly, *Yanta* implicitly held that a tort for job discrimination based on sex did not exist at common-law. In *Bachand,* because emotional distress based upon employment discrimination against handicapped persons was unknown in tort law, the remedies and procedures of the WFEA were exclusive. *Bourque* tacitly reached the same conclusion because a claim for retaliatory discrimination for assisting another in a civil rights proceeding was not a recognized common-law tort.

There is, on the other hand, language in the preceding cases to suggest that the plaintiff could have pursued a recognized tort independent of the WFEA. In *Bachand,* for example, this court stated: "[D]amages for emotional harm might be recoverable for a separate tort of intentional infliction of emotional distress if correctly alleged in the complaint and proven at trial. This separate tort for intentional infliction of emotional distress is not in any way related to the Fair Employment Act." *Id.* at 630, 305 N.W.2d at 155.

We therefore proceed to examine Becker's complaint to determine whether she has stated any claims independent of the WFEA. The complaint, purporting to state nine separate causes of action, is both duplicitous and multiplicitous. Nevertheless, a complaint is to be liberally construed in favor of stating a cause of action. *Crawford v. Dickman,* 72 Wis. 2d 151, 153, 240 N.W.2d 165, 167 (1976).

The first cause of action alleges that the company negligently permitted sexual harassment, while the second alleges that the company intentionally and maliciously did so through the actions of its agents, the supervisors, Wheeler and Trinko. Becker cites no authority for support of a common-law claim for permitting sexual harassment in the workplace. Under the rule described in *Ross,* the WFEA created a new right and remedy to meet this situation, and the WFEA is exclusive.

The third cause of action merely realleges the first two claims and demands punitive damages. A claim for punitive damages is in the nature of a remedy and should not be confused with the concept of a cause of action. *Brown v. Maxey,* 124 Wis. 2d 426, 431, 369 N.W.2d 677, 680 (1985). The operative facts, not the consequences, are determinative of a cause of action. *Caygill v. Ipsen,* 27 Wis. 2d 578, 582, 135 N.W.2d 284, 286 (1965). Thus, if the first two causes of action fail, so must the third.

Becker's fourth cause of action alleges that Wheeler and Trinko committed a battery upon her, while the fifth alleges that the contact was made maliciously, in support of a claim for punitive damages. In contrast to her earlier causes of action, these claims do not assert

415

that the two men acted in the capacity of company agents or supervisors.[2] These two allegations assert tort claims independent of the WFEA.[3]

Many decades before the adoption of the WFEA, our supreme court recognized the right of a woman to pursue a battery claim under similar circumstances. In *Raefeldt v. Koenig,* 152 Wis. 459, 140 N.W. 56 (1913), the plaintiff, an eighteen-year-old woman, alleged that the defendant lured her behind the candy counter in his store and grabbed her by the breast. The court noted that a battery includes an unlawful "touching of, or injury . . . in an angry, revengeful, rude, or insolent manner . . .." *Id.* at 462, 140 N.W. at 58.

Wheeler and Trinko argue that a battery claim under the alleged circumstances here have been preempted by virtue of the definition of "sexual harassment" found in sec. 111.32(13), Stats. That definition includes "*unwelcome physical contact of a sexual nature . . ..*"[4] We hold that the preemption doctrine is not so all-encompassing.

If a complainant alleges an act of employment discrimination based upon conduct falling within the preceding definition, he or she must pursue the administrative remedies through the WFEA. On the other hand, when an individual asserts the tort of battery, not as an act of employment discrimination, but as an independent and unlawful touching of the person, the mere fact

---

[2]Becker's brief includes "facts" not found in the record. This irregularity is irrelevant because the sufficiency of evidence to prove battery is not at issue.

[3]The issue of joinder of separate claims against the two defendants in counts four and five is not raised, and therefore we need not address it.

[4]*See infra* note 2.

that the WFEA defines "sexual harassment" broadly enough to include battery does not defeat the claim. The gravamen of the action is the battery,[5] and whether she could have pursued an employment discrimination claim is irrelevant. This conclusion is consistent with the goals of the WFEA and the case law.[6] The defendants concede that an action for battery is not barred by the WCA.

Becker's sixth cause of action claims:

> That defendants, Dale Wheeler and James Trinko acted negligently in maintaining contacts with the plaintiff that were sexually graphic, obscene, and morally offensive . . . As a proximate result of the negligence of defendants Dale Wheeler and James Trinko, plaintiff suffered embarrassment, humiliation, emotional distress, loss of dignity, and physical harm as a result of verbal and physical assaults.

■■

We affirm the trial court's summary judgment dismissing this cause of action. Apart from the issue of

---

[5]For a discussion of the character of the defendant's acts necessary to prove a battery, see Prosser & Keeton on the Law of Torts, sec. 9 at 41–42 (5th ed. 1984).

[6]Becker's reference to criminal sexual assault in sec. 940.225(5)(a), Stats. (1985–86), in her battery claim merely adds a layer of confusion unnecessary to a resolution of the exclusive remedy issue. We do not construe her claim as a cause of action based upon a "safety statute." Not every criminal statute is a safety statute, a violation of which gives rise to a civil cause of action. *In re Estate of Drab v. Anderson,* 143 Wis. 2d 568, 571, 422 N.W.2d 144, 145 (Ct. App. 1988). Further, sec. 940.225(5)(a), Stats. (1985–86), since renumbered sec. 940.225(5)(b), is only a definition of sexual contact. We treat the reference to the criminal definition of sexual contact as harmless surplusage. *See Cheese v. Afram Bros. Co.,* 32 Wis. 2d 320, 324, 145 N.W.2d 716, 719 (1966).

whether the allegations state a claim at common-law, it is apparent that the factual allegations upon which Becker relies to support this claim do not establish negligence. Those portions of Becker's deposition testimony of record unequivocally describe intentional acts with no suggestion whatsoever of negligence. In accord with summary judgment procedure, the defendants' use of the excerpts from the deposition established a prima facie defense to the negligence claim. Becker failed to present contrary evidence to raise a material issue of disputed fact.

Becker's seventh cause of action alleges that Wheeler, Trinko and the company defamed her. She alleges that the two individuals stated to other employees that she had initiated sexual contact with Trinko. She also alleges that the defendants stated that Becker was calling in to work, "reporting to be sick in order to stay home and have intercourse outside of marriage with her boyfriend." This claim is barred by the exclusivity provisions of the WCA as recently interpreted by this court in *Jenson v. Employers Mut. Cas. Co.*, 154 Wis. 2d 313, 453 N.W.2d 165 (Ct. App. 1990).[7] *Jenson* upheld the dismissal of a plaintiff's claim for intentional infliction of emotional distress arising out of alleged statements publicly accusing her of dishonesty and incompetence in her capacity as a municipal employee. In reliance on several Wisconsin Supreme Court decisions, we concluded that the provisions of sec. 102.03(2), Stats., provide an exception to the exclusive remedy of worker's compensation only for an assault intended to cause bodily harm. As *Jenson* concluded, the alleged remarks constituted no threat of physical violence and

---

[7]The Wisconsin Supreme Court accepted a petition to review the *Jenson* decision on April 3, 1990.

was therefore not an assault so as to constitute an exception to WCA limitations.

Becker's eighth and ninth causes of action, claiming tortious interference with her employment contract on the part of Wheeler, Trinko and the company and unlawful discharge against the company were properly dismissed. In her memorandum in opposition to summary judgment filed with the circuit court, Becker conceded that "the eighth and ninth causes of action in plaintiff's complaint fall within the scope of appellate case law restricting plaintiff's remedies." She does not discuss the merits of those two causes of action on appeal. We therefore deem them abandoned. *Reiman Assocs., Inc. v. R/A Adver., Inc.,* 102 Wis. 2d 305, 306 n.1, 306 N.W.2d 292, 294, n.1 (Ct. App. 1981).

In summary, Becker's claims for battery against Wheeler and Trinko are remanded for further proceedings, and the balance of the complaint is dismissed.

*By the Court.*—Judgment affirmed in part, reversed in part and cause remanded. Costs to Becker and Automatic Garage Door Company.