# HARRY L. SNEAD, JR.

## V.

# JOSEPH D. HARBAUGH, ET AL.

Record No. 901119

April 19, 1991

Present: Carrico, C.J., Compton, Stephenson, Russell, Whiting, and Lacy, JJ.,
and Poff, Senior Justice

*William G. Shields (Anderson, Parkerson & Shields*, on briefs), for appellant.

*Gilbert E. Schill, Jr. (James P. McElligott, Jr.; Kathleen Taylor Sooy; McGuire, Woods, Battle & Boothe*, on brief), for appellees.

JUSTICE LACY delivered the opinion of the Court.

Harry L. Snead, Jr., a professor at the University of Richmond Law School, filed this suit alleging that the Dean of the Law School, Joseph D. Harbaugh, and other law professors (collectively Harbaugh) defamed him and conspired to injure his name and reputation in violation of Code § 18.2-500.

Harbaugh filed a demurrer, asserting that the trial court lacked jurisdiction because the Virginia Workers' Compensation Act,

Code §§ 65.1-1, *et seq.* (the Act), provided Snead's exclusive remedy, and that neither count stated a viable cause of action. The trial court sustained the demurrer and dismissed the suit, stating that "[t]he Virginia Supreme Court's opinion in *Haddon v. Metropolitan Life Insurance,* [239 Va. 397, 389 S.E.2d 712 (1990)] . . . compels the conclusion that Virginia's Workers' Compensation Act is the exclusive remedy available to the plaintiff for his tort claims." We awarded Snead an appeal.[1]

Snead first asserts that the Act is inapplicable because the alleged injury resulting from the defamation is not within the meaning of "injury" as that term is used in the Act. The trial court neither addressed this issue nor indicated why it considered *Haddon* dispositive. However, Harbaugh argued there, as he does here, that *Haddon* stands for the proposition that the Act is the exclusive remedy for any employee who sustains injury as a result of an intentional tort by a fellow employee. Harbaugh concludes that, because both *Haddon* and the instant case involved a claim based on the intentional tort of defamation by a fellow employee, the dismissal of the claim in *Haddon* compelled dismissal of Snead's claim. We disagree.

 The Act applies to an employee's claim for an injury by accident arising out of and in the course of employment. Code § 65.1-7. We have repeatedly held that failure to establish any one of these criteria — "injury," "accident," "arising out of," "in the course of," and "employment" — defeats coverage under the Act. *See, e.g., Southern Motor Lines Co. v. Alvis,* 200 Va. 168, 170, 104 S.E.2d 735, 737 (1958).

 *Haddon* dealt mainly with one of the conditions for coverage. There, the employee argued that an intentional tort does not fall within the concept of "accident" and, therefore, the Act should not apply. *Haddon,* 239 Va. at 398, 389 S.E.2d at 713-14. We rejected this contention, noting long-standing precedent for the proposition that intentional torts by co-workers are within the

---

[1] Harbaugh moved to dismiss this appeal, arguing that the trial court also dismissed the case on the separate ground that the pleadings failed to state a cause of action. As Snead did not seek to amend, Harbaugh argues the dismissal is final, regardless of the jurisdictional issue. The trial court stated that with regard to Count I the pleadings were defective, "but not fatally so. Amendment would be permitted were the plaintiffs' actions otherwise viable." This statement reflects the court's position that amendment would have been a futile act, and we decline to dismiss this appeal because Snead did not undertake such a futile act.

contemplation of the term "accident" under the Act. *Id.* at 399, 389 S.E.2d at 714. *Haddon* did not change the requirement that all coverage conditions are necessary to invoke the Act's exclusivity bar.

We also reject Harbaugh's argument that *Haddon* is dispositive because both suits alleged defamation by a fellow employee. This simplistic, label-oriented method of determining the Act's applicability improperly focuses the coverage inquiry on the character of the tort-feasor's act, rather than on the nature of the injury for which the claim is made. The Act is not concerned with the species of tort which caused the harm. Rather, it is concerned with compensating for the loss caused by the injury. *Burlington Mills Corp.* v. *Hagood*, 177 Va. 204, 210-11, 13 S.E.2d 291, 293 (1941).

In contrast to the allegations in *Haddon*, Snead pled neither physical nor emotional injury, but solely damage to reputation. He sought no payment for medical costs, but only the general and special damages recognized under common law defamation principles of recovery. *Haddon* did not address whether an intentional tort claim for non-personal damage as claimed in this case falls within the concept of "injury" required for coverage under the Act. We now conduct that analysis.

The Act itself embodies the concept of an injury to an employee's person. The compensation structure provides payment for permanent or temporary, partial or total, disability, preventing an employee from engaging in normal employment. Code §§ 65.1-54 to -60. The injured employee may also receive payment for certain specific physical injuries, such as the loss of a limb, for which disability is presumed. Code § 65.1-56. The Act also requires that the employer provide the injured employee with medical services and vocational rehabilitation services. Code § 65.1-88. Finally, the exclusivity provision speaks in terms of "personal injury." Code § 65.1-40.

In our opinion, a fair reading of the Act and its purposes treats the term "injury" as either a mental or a physical condition, affecting the employee's person. While we must construe this remedial act broadly to afford coverage for the employee, we are constrained by the Act itself and its intent. *Baggett & Meador Cos.* v. *Dillon*, 219 Va. 633, 637, 248 S.E.2d 819, 822 (1979). Consistent with this understanding of the Act, we have recognized that an "injury" occurs when "a lesion or change in any part of

the system produces harm or pain or a lessened facility of the natural use of any bodily activity or capability." *Burlington Mills*, 177 Va. at 209, 13 S.E.2d at 293. A condition causing disability or pain will not be considered an "injury" for purposes of the Act unless accompanied by a "sudden obvious mechanical or structural change" in the body. *VEPCO* v. *Cogbill*, 223 Va. 354, 356, 288 S.E.2d 485, 486 (1982).

■ The cause of action for defamation is based on the transmission of derogatory statements, not on any physical or emotional distress to a plaintiff which may result. "Defamation is not concerned with the plaintiff's own humiliation, wrath or sorrow." W. Prosser & W. Keeton, Prosser and Keeton on the Law of Torts § 111 (W. Keeton 5th ed. 1984). The recoverable damages are both general and special. An award of general damages is based on a concept of *per se* injury, and resulting damage is presumed to exist if the defamation tort is established. No further proof of injury or loss is required for recovery of general damages. *Slaughter* v. *Valleydale Packers Inc.*, 198 Va. 339, 347, 94 S.E.2d 260, 266 (1956). In this case, Snead claims general damages and no personal injury is alleged.

We are not persuaded by the authorities from other jurisdictions which Harbaugh cites as holding that "defamation is within the exclusive jurisdiction of the workers' compensation acts of those states." Two of the three cases cited are distinguishable, as they were filed as actions for intentional infliction of emotional distress, alleging personal injuries of severe or disabling emotional distress. *Brown* v. *Southland Corp.*, 620 F.Supp. 1495 (E.D. Mo. 1985); *Jenson* v. *Employers Mut. Cas. Co.*, 154 Wis.2d 313, 453 N.W.2d 165 (Wis. Ct. App. 1990). While physical injury or emotional distress could result from derogatory statements, such injuries are not before us in this case.

The single case involving a defamation count among the cases Harbaugh cites did not identify the alleged injury or relief sought. *Becker* v. *Automatic Garage Door Co.*, 156 Wis.2d 409, 456 N.W.2d 888 (Wis. Ct. App. 1990). *Becker* was decided by two of the three judges who decided *Jenson*, and relied solely on *Jenson*, which has been granted a petition for review by the Supreme Court of Wisconsin.

■ The more prevalent view, in those jurisdictions which include intentional torts within the meaning of "accident" for the purpose of workers' compensation, excludes injury to reputation

from the penumbra of "injury" for workers' compensation purposes. *See, e.g., Battista v. Chrysler Corp.*, 454 A.2d 286 (Del. Super. Ct. 1982); *Columbia Sussex Corp., Inc. v. Hay*, 627 S.W.2d 270 (Ky. Ct. App. 1981); *Foley v. Polaroid Corp.*, 381 Mass. 545, 413 N.E.2d 711 (1980); 2A A. Larson, The Law of Workmen's Compensation § 65.40 (1989).

We think this is the better-reasoned approach and is consistent with our prior decisions. Therefore, we conclude that the injury to reputation and the damages claimed in Snead's defamation count do not fall within the interpretation and application of "injury" under the Act.[2]

In light of this holding, we need not address Snead's other assignment of error regarding the constitutionality of the Act.

Accordingly, the judgment of the trial court is reversed and the case is remanded for further proceedings on the defamation count consistent with this opinion.

*Reversed in part and remanded.*

CHIEF JUSTICE CARRICO, with whom SENIOR JUSTICE POFF joins, dissenting.

I would grant Harbaugh's motion to dismiss and not reach the merits of this appeal. The majority declines to dismiss because, it says, Snead would have undertaken a futile act had he sought to amend his motion for judgment. I disagree with the majority's rationale. Seeking amendment would not have been futile for it would have saved the point in the event of remand on appeal.

But there can be no remand. Even if Snead can get over the hurdle of his failure to seek amendment, he faces an insurmountable problem the majority has not addressed: *Snead has failed to assign error to the trial court's dismissal of his case on the separate ground that the motion for judgment does not state a cause of action.*

For Snead's failure to assign error to the separate basis for the dismissal of his motion for judgment, the dismissal has become

---

[2] Snead did not brief or argue the dismissal of the conspiracy count, stating at oral argument that the "case turned on the first count," and he wanted to proceed on the defamation count alone. We will, therefore, not consider the conspiracy count and the trial court's judgment on Count II is final. *Tidewater Homebuilders v. City of Va. Beach*, 241 Va. 114, 400 S.E.2d 523 (1991).

final. Hence, Snead's motion for judgment is a nullity, and it cannot be salvaged except by ignoring a major jurisdictional requirement of this State's appellate procedure.

Rule 5:17(c) provides that "[o]nly errors assigned in the petition for appeal will be noticed by this Court." We enforce this Rule against other defaulting litigants on a regular basis. I see absolutely no reason for declining to enforce it in this case. Indeed, to ignore the Rule would create what, in my opinion, would be an absurd result. The case would be remanded for further proceedings on a pleading which has been declared in an unappealed final judgment to be insufficient as a matter of law to support any relief. This would turn Rule 5:17(c) on its head.