## CIRCUIT COURT OF FAIRFAX COUNTY

Joyce Simmons

v.

Wrisley et al.

May 18, 1992

Case No. (Law) 113268

By JUDGE THOMAS S. KENNY

This matter came before the Court on May 1, 1992, on defendants' demurrer to the Motion for Judgment. The demurrer is sustained for the reasons set forth below.

The plaintiff, Joyce Simmons, brought an action under § 8.01–45 of the Code of Virginia (1950, as amended), which creates a cause of action for defamation. For purposes of this demurrer, the facts stated in the Motion for Judgment are taken as true. Ms. Simmons states that on September 18, 1991, while she was an employee of the Hecht Company, she was interrogated by various Hecht's security personnel about whether or not she had stolen specific merchandise from the store. She was also questioned about the involvement of her minor daughter in the thefts. After Ms. Simmons left the security office, she discovered that almost all her co-workers were aware of the allegations against her. She was emotionally devastated, "signed off," and went home.

Ms. Simmons claims that the defendants maliciously accused her of theft, embezzlement, and contributing to the delinquency of her minor child and her child's minor friend. The incident sparked "numerous comments" by her fellow employees to the effect that she was accused of being a thief. The day after the incident she went back to the security manager who told her, "Your case is discontinued. I did not accuse you of anything." However, because of the

incident, Ms. Simmons was embarrassed, humiliated, and forced to leave her employment at Hechts. Therefore, she has lost income, lost a vested pension, and is unable to retain continuous employment. She claims compensatory damages as a result of pain, mortification, mental suffering, lost income, lost pension funds, and emotional distress, and punitive damages as a result of the defendants' alleged malicious conduct.

The defendants demur to the Motion for Judgment on the grounds that the Virginia Workers' Compensation Act (the Act) is the exclusive remedy for an employee who sustains injury as the result of an intentional tort by a fellow employee.

The Virginia Workers' Compensation Act (Code §§ 65.1–1 *et seq.*) provides the exclusive remedy for an employee who suffers an injury by accident arising out of and in the course of his or her employment. The Virginia Supreme Court has:

> repeatedly held that failure to establish any one of these criteria — "injury," "accident," "arising out of," "in the course of," and "employment" — defeats coverage under the Act.

*Snead v. Harbaugh*, 241 Va. 524, 526 (1991).

Since the store security personnel's allegations against Ms. Simmons were that she had stolen clothing that she had previously put "on hold" as part of her employment duties as a sales associate, it appears self-evident that the incident complained of here "arose out of" and "in the course of" her "employment." Furthermore, in *Haddon v. Metropolitan Life Insurance Co.*, 239 Va. 397 (1990), the court held that an intentional tort, such as defamation or sexual harassment, would be considered an "accident" for purposes of coverage under the Act.

The remaining element — whether there has been an "injury" within the meaning of the Act — is the principal issue here. That question, I believe, has been answered by *Snead v. Harbaugh, supra.*

> In our opinion, a fair reading of the Act and its purposes treats the term "injury" as either a mental or a physical condition, affecting the employee's person.

*Id.* at 527.

Thus, to the extent that Ms. Simmons has alleged a claim for her "pain, mortification, mental suffering . . . and emotional distress," I

believe that she has stated a claim that satisfies each of the elements necessary to place this case within the exclusive jurisdiction of the Industrial Commission. *See, Haddon v. Metropolitan Life Insurance Co., supra.* For that reason, the demurrer should be sustained.

However, to the extent that she has alleged damage to her reputation or purely economic losses, without any claim for physical or emotional injury, then I believe that this court would have jurisdiction. *See, Snead v. Harbaugh, supra.* Because these personal and non-personal allegations are inextricably mixed up in her motion for judgment, I am sustaining the demurrer with leave for Ms. Simmons to amend her pleading. She will need to elect whether to proceed on the grounds that will place her before the Commission or those that will place her before this court.

The demurrer is sustained with leave to amend within twenty-one days of the date of this letter.