## CIRCUIT COURT OF FAIRFAX COUNTY

Martha Saavedra

v.

White Star Cleaners, Inc.,
and Emanual Stikas

May 11, 1994

Case No. (Law) 125598

BY JUDGE J. HOWE BROWN

This matter is before the Court on Plaintiff's "Motion to Strike Demurrer and for Summary Judgment/Default Judgment," for which oral argument was heard on April 15, 1994. Summary Judgment/Default Judgment was denied at that time leaving only the motion to "strike" the Demurrer. This matter was taken under advisement by the Court. Upon consideration of the arguments made in Court and in memoranda submitted by the parties, the Court sustains in part and overrules in part the demurrer.

The Motion for Judgment contains five counts: Count I, Slander per se; Count II, Libel per se; Count III, Intentional infliction of emotional distress; Count IV, Intentional interference with economic opportunity and/or contractual relations; and Count V, Action for insulting words.

In determining the legal sufficiency of the Motion for Judgment, "a demurrer admits the truth of all material facts properly pleaded." *Lentz v. Morris*, 236 Va. 78, 80 (1988). "[T]he facts admitted are those expressly alleged, those which fairly can be viewed as impliedly alleged, and those which may be fairly and justly inferred from the facts alleged." *Rosillo v. Winters*, 235 Va. 268, 270 (1988).

In each of the five counts, Plaintiff has incorporated the following pleaded facts. Plaintiff was employed by Defendant White Star Cleaners, Inc., for seven years. On August 3, 1992, Defendant Emanual Stikas, both individually and as president of White Star, accused her of being a thief and fired her from her employment with White Star. This accusation was made "in full hearing of all passersby." Motion for Judgment, Para. 5. Subsequently, Stikas informed third parties that Plaintiff was "a despicable person and employee and that no one would want anything to do with her." *Id.* Plaintiff alleges a common scheme among several of the Defendants to state to others that Plaintiff had stolen a customer's clothing for which act she had been fired. *Id.* at Para. 6.

I. Defendants' first basis for demurrer relates to all five counts. Defendants claim that the acts complained of were committed by one employee against another employee and are, therefore, covered by the Workers' Compensation Act (the "Act"). On the facts of this demurrer the contention is flawed.

With regard to the statement made by Stikas on August 3, 1992, although the alleged injury in Count I may have been caused by an employee's actions on another employee, it does not follow that the Workers' Compensation Act must apply. None of the cases cited by Defendants compel the simplistic and mechanical application of the Act that counsel has urged.

Under the instant facts, Plaintiff's injury which resulted from the intentional tort of another employee may lie "within the definition of injury by accident under the Act." *Haddon v. Metropolitan Life Insurance Co.*, 239 Va. 397 (1990). However, as in *Snead v. Harbaugh*, 241 Va. 524 (1991), Plaintiff has pleaded in Count I damage to her reputation only. Count V, an action for insulting words, sues for the same damage. The *Snead* court narrowed application of *Haddon* by holding "A condition causing disability or pain will not be considered an 'injury' for purposes of the Act unless accompanied by a 'sudden obvious mechanical or structural change' in the body." *Snead*, 241 Va. at 528, following *VEPCO v. Cogbill*, 223 Va. 354, 356 (1982). Because the Act "is concerned with compensating for the loss caused by injury," *Id.* at 527 interpreting *Burlington Mills Corp. v. Hagood*, 177 Va. 204, 210-211 (1941), and because injury to reputation is not injury to either mental or physical condition, the injury claimed in Count I cannot be covered by the Act.

The facts relevant to Counts II through IV occurred after Plaintiff had been fired from White Star. Moreover, the conspiracy alleged in these

Counts is not dependent on the August 3, 1992, communication. Upon firing Plaintiff, the Defendants and Plaintiff were no longer in an employer-employee relationship and the Act cannot apply. Assuming *arguendo* that Defendants' action constituted an "accident" within the meaning of the Act, that accident does not "arise out of" and "in the course of" employment. *Grand Union Co. v. Bynum*, 226 Va. 140 (1983); *Virginia Poly. Inst. & St. Univ. v. Wood*, 5 Va. App. 72 (1987); *Metcalf v. A. M. Express Moving Sys.*, 230 Va. 464 (1986). Consequently, the Act is inapplicable to any Count in the Motion for Judgment.

II. Defendants' second basis for demurrer lies against Count I only. Defendants argue that the Motion for Judgment does not allege to whom the defamatory statement was published, nor does it specify the time or place at which the statement occurred. Plaintiff has alleged in the Motion for Judgment at Para. 5 both the time and place of the occurrence and that the statement was made "in full hearing of all passersby." Defendants have argued that this allegation does not specify that a publication was even made; however, the fact of publication is fairly inferred from the pleading and amplification of this allegation is more properly obtained by a Motion for a Bill of Particulars than by Demurrer. Therefore, the Demurrer as to Count I alone is overruled.

III. Defendants have demurred to Count III, arguing that the allegations do not constitute intentional infliction of emotional distress.

In interpreting the holding in *Womack v. Eldridge*, 215 Va. 338 (1974), the Court in *Naccash v. Burger*, 223 Va. 406 (1982), dictated that an action will lie for emotional distress, even when unaccompanied by physical injury, where four elements are shown:

> that the tort is intentional or reckless, that the tortfeasor's conduct is outrageous and intolerable, that the wrongful conduct and the emotional distress are causally connected, and that the emotional distress is severe.

*Id.* at 415-416.

Although Plaintiff argues that the Motion for Judgment contains each of these elements, upon examining *Womack*, the first element is found to be insufficiently pleaded. The full quote in *Womack* corresponding to the first element in *Naccash* reads:

> One, the wrongdoer's conduct was intentional or reckless. This element is satisfied where the wrongdoer had the specific pur-

pose of inflicting emotional distress or where he intended his specific conduct *and knew or should have known that emotional distress would likely result.*

*Womack*, 215 Va. at 342 (emphasis added). Plaintiff has alleged that Defendants knew the falsity of their statements and that they made these statements in a common scheme; however, Plaintiff has not alleged that Defendants knew or should have known that emotional distress would likely result. Absent this element, the count for intentional infliction of emotional distress is flawed and the demurrer is sustained as to this count alone with leave to amend.

IV. Finally, Defendants have demurred to Count IV alone maintaining that Plaintiff has not stated what economic opportunity was interfered with. Paragraph 23 in the Motion for Judgment clearly states that Defendants schemed "to wrongfully deny Plaintiff of her deserved unemployment benefits." Because these benefits constitute an economic opportunity, the demurrer is overruled.