# CIRCUIT COURT OF THE CITY OF RICHMOND

Terrie Lynn McQueen

v.

CA1 Services, Inc.,
Maureen Doyle,
and Mark Farrell

May 15, 1997

Case No. LB-3064-1

BY JUDGE MELVIN R. HUGHES, JR.

In this case, plaintiff alleges that, while she was working for defendant corporation, she was accused of stealing. She claims that the accusation was made repeatedly over a course of time on one day, in front of others, including customers, and as a result she suffered. Count I of her motion for judgment seeks damages based on a theory of defamation. Count II is a claim based on insulting words under Va. Code § 8.01-45. Count III is a claim for false or wrongful imprisonment with resulting emotional damage.

Defendants have filed a plea in bar based on the workers' compensation statutes claiming that her exclusive remedy is workers' compensation. Plaintiff resists the plea, arguing that under these facts, the statute is not her only source of remedy. For purposes of ruling on defendants' plea in bar the court will consider the facts plaintiff has alleged in her motion for judgment as true.

According to the Virginia Supreme Court, in order for a claim to be covered by the workers' compensation statute, and therefore be barred from litigation in court, it must have all of the following criteria: an injury, caused by an accident, arising out of and in the course of employment. *Snead v. Harbaugh*, 241 Va. 524, 526 (1991). If any of these elements is missing, the claim is not covered by workers' compensation and is therefore not barred from court. *Id.* The source of contention in this case is "injury by accident."

As to Counts I and II of the motion for judgment, the plea should be overruled. The settled law in Virginia is that an injury to reputation is excluded "from the penumbra of 'injury' for workers' compensation purposes." *Id.* at 528-29 (citations omitted).

As to Count III of the motion for judgment, this is a claim for emotional distress and other non-physical damages. An "injury by accident" within the context of the workers' compensation statute, is an identifiable incident or sudden precipitating event [that results] in an obvious sudden mechanical or structural change in the body." *Williams v. Garraty*, 249 Va. 224, 238 (1995); *Middlekauff v. Allstate Ins. Co.*, 238 Va. 578, 589 (1989). There is and was no claim for any physical injury in this case. As such, based on this definition, this claim for emotional distress should not be barred either.

The authorities also focus on the element of suddenness. The cases just cited found that the injuries complained of were not compensable under the workers' compensation statute, and therefore not barred in circuit court proceedings, as they occurred gradually over a period of time. The Virginia Court of Appeals has held that "[w]hen an injury is strictly psychological, it 'must be causally related to a physical injury or be causally related to an obvious sudden shock or fright arising in the course of employment'." *Teasley v. Montgomery Ward & Co.*, 14 Va. App. 45, 48 (1992); *Chesterfield County Fire Dep't v. Dunn*, 9 Va. App. 475, 476 (1990). The question, therefore, for the court to answer, is whether the facts in this case constitute a "sudden shock or fright."

In this case, plaintiff's emotional distress is alleged to be the result of a series of events which occurred one after another, albeit during the same time period. She was first confronted at the counter at which she was working. She was searched and questioned. She was then taken, against her will, to the office. She was refused her requests for information and support. She was repeatedly accused. She was searched and repeatedly questioned. She was badgered and stripped of her security authorization. This later occurrence required her to suffer further embarrassment when she had to explain herself to the airport security personnel in order to retrieve her car. As alleged, this is not one event or act or one accusation. Plaintiff's claim is not barred by workers' compensation, defendants' plea is therefore overruled.

Because of the ruling that plaintiff's claim is not barred by operation of the workers' compensation law, it is not necessary for the court to deal with plaintiff's other argument, that defendant Farrell was a stranger to plaintiff's employment.