COURT OF APPEALS OF VIRGINIA

Present:  Judges Beales, O'Brien and Raphael
Argued at Lexington, Virginia

JEREMIE DAVIS

v.        Record No. 0503-23-3

WAL-MART ASSOCIATES, INC., ET AL.

OPINION BY
JUDGE RANDOLPH A. BEALES
APRIL 2, 2024

FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

Darren Shoen (Law Office of Darren Shoen, PLLC, on brief), for
appellant.

Monica T. Monday (Peter G. Irot; Gentry Locke, on brief), for
appellees.

Jeremie Davis appeals the judgment of the Workers' Compensation Commission that he

did not sustain an injury by accident on May 5, 2022. Davis argues, "The Commission erred in

finding that the claimant [Davis] did not sustain an injury by accident in that he did not prove a

structural or mechanical change in his body." He also asserts that the Commission erred by

finding that his "injury was a 'predictable consequence of [his] voluntary defiance' of medical

restrictions."

## I. BACKGROUND

In an appeal from a decision of the Workers' Compensation Commission, Code § 65.2-706

establishes that the Commission's award "shall be conclusive and binding as to all questions of

fact." *City of Charlottesville v. Sclafani*, 300 Va. 212, 223 (2021) (quoting Code § 65.2-706).

Furthermore, this Court and the Supreme Court "construe the evidence in the light most

favorable to the prevailing part[y] before the Commission." *Id.* (alteration in original) (quoting

*Jeffreys v. Uninsured Emp'r's Fund*, 297 Va. 82, 87 (2019)).

With those principles in mind, the evidence in the record here showed that Davis began work for Wal-Mart stocking shelves in July 2021. At that time, Davis already had a long history of back problems and had previously undergone three back surgeries. Davis had an "L5-S1 discectomy" procedure performed on his back in 2015. Two years later, in 2017, he began treating with Joseph Orchowski, M.D. for a "worsening onset of symptoms." Dr. Orchowski assessed that Davis had "a recurrent herniated disk," necessitating a "revision microdiscectomy" in 2017 in the same location in Davis's back, L5-S1. Davis continued to follow up with Dr. Orchowski following that surgery and continued to report that he had severe back pain. On May 8, 2018, Davis underwent a lumbar fusion surgery by Dr. Orchowski. Davis returned to Dr. Orchowski in August 2019 with "continued low back pain and left lower extremity pain." Dr. Orchowski recommended a spinal injection and physical therapy for four weeks, followed by a Functional Capacity Evaluation ("FCE"). Dr. Orchowski provided Davis with a detailed work note taking him out of work until his next follow-up appointment in six weeks.

In November 2019, Davis returned to Dr. Orchowski with "worsening low back pain which radiate[d] into his left posterior buttocks." Dr. Orchowski noted that Davis's physical condition had "progressively worsened" since his FCE and that Davis "ha[d] since been taken out of work again." Davis reported that he had a "recent flare up of pain in his low back after . . . sitting down to eat dinner." The record of that visit further provides that Dr. Orchowski recommended another spinal injection, that a "detailed work note was provided restricting him [Davis] to no work until his next follow up appointment," and that Dr. Orchowski would follow up with Davis in eight weeks.

Davis did not follow up with Dr. Orchowski after the November 2019 appointment. Davis had a follow-up visit scheduled for March 2020, but he cancelled the appointment. Davis testified that he did not return to Dr. Orchowski after the November 2019 appointment because he felt better

after losing weight and felt that he could return to work. After Davis began working at Wal-Mart in 2021, he informed several of his supervisors of his prior back issues.

On May 5, 2022, Davis was working in Wal-Mart stocking shelves. Davis knelt down to place a 12-pack of ginger ale on a bottom shelf and felt a sharp pain in his lower back. After Davis summoned his supervisor for help, an ambulance transported him to Lynchburg General Hospital. Medical records from the hospital state that Davis's back was x-rayed and that the attending physician noted that he observed no evidence of acute fracture, subluxation, or disease involving the lumbar spine. The attending physician recommended that Davis follow up with his orthopedist. Davis was discharged in stable condition with pain medication.

On May 9, 2022, Davis saw Jacqueline Perdue, a certified physician's assistant. Davis reported to Perdue that he felt a sharp pain in the middle of his back while at work. In her record of the visit, Perdue stated that her assessment of Davis was: "Acute low back pain, unspecified back pain laterality, unspecified whether sciatica present." She also stated that, after reviewing the May 5, 2022 x-ray of Davis's back, Davis's L5-S1 spinal fixation surgery "[h]ardware appeared intact." She further noted, "No evidence for acute fracture or subluxation."

On May 12, 2022, Davis sought treatment from MedExpress. He told the treating physician, Dr. Ghada Alsayed, that he injured his back at work; however, the medical records of that visit do not reflect that Davis reported his prior spinal fusion or discectomies. Instead, the only surgical history reported by Davis was an appendectomy he had in the 1990s and an unspecified "[b]ack [s]urgery" on a date Davis could not recall. Without conducting any diagnostic imaging, the MedExpress physician prescribed Davis pain medication for a lumbar sprain.

Davis sought treatment from Dr. Orchowski on June 10, 2022. The medical records of that visit state that Dr. Orchowski reviewed the x-rays of Davis's back and ordered a lumbar MRI "to evaluate for a significant disk protrusion or nerve root impingement." The x-ray revealed

"[a]ppropriate placement of instrumentation" at L5-S1. Dr. Orchowski's records from Davis's August 4, 2022 appointment with him state, "the MRI shows L5-S1 TLIF [fusion surgery] with appropriate placement of instrumentation, no evidence [of] compression, small amount of disc degeneration at L4-5, and a small amount of left side lateral recess stenosis at L4-5 which looks similar to prior imaging."

On July 29, 2022, Dr. Orchowski completed a questionnaire provided by counsel for Wal-Mart regarding Davis's condition. In his answers to the questionnaire, Dr. Orchowski agreed that on November 1, 2019, he informed Davis that he was in an "entirely out of work status" and that he did not release Davis back to any form of work after that date. Dr. Orchowski also agreed that he had reviewed Davis's July 2022 MRI. In addition, the questionnaire asked, "Within a reasonable degree of medical probability, can you say that Mr. Davis sustained an actual mechanical or structural change to his body as a result of an incident at work occurring on May 5, 2022?" In response, Dr. Orchowski answered, "No."

Davis filed a claim for benefits on May 11, 2022. Following a hearing on September 22, 2022, the deputy commissioner denied Davis's claim on October 26, 2022, finding that Davis had failed to prove that an accident caused a structural or mechanical change to his back. As a second ground to deny the claim, the deputy commissioner found that, because Davis had returned to work without obtaining a release, his injury had not resulted from an accident. Instead, the deputy commissioner found that it was a "known and expected result" of returning to the workplace.

Davis appealed to the full Commission. Citing Dr. Orchowski's opinion, the Commission ruled that Davis failed to prove that he had sustained a sudden mechanical or structural change to his body as a result of the May 5, 2022 incident at Wal-Mart. Therefore, the Commission found that Davis did not meet his burden of establishing an injury by accident. Given that Davis did not sustain a compensable injury, the Commission concluded that the issue of whether the alleged

- 4 -

injury "was an expected result of exceeding work restrictions" was moot and did not address that alternative ground on the merits. Davis now appeals to this Court.

## II. ANALYSIS

Under the Workers' Compensation Act, to recover benefits a claimant must prove, "by a preponderance of the evidence, (1) an 'injury by accident or occupational disease, (2) arising out of, and (3) in the course of, the employment.'" *City of Charlottesville v. Sclafani*, 300 Va. 212, 221 (2021) (quoting *Morris v. Morris*, 238 Va. 578, 584 (1989)). This Court has stated that whether a claimant suffered an injury by accident presents a mixed question of law and fact. *Riverside Reg'l Jail Auth. v. Dugger*, 68 Va. App. 32, 37 (2017). When analyzing the totality of a claimant's or employer's appeal, whether the Commission had "correctly defined and applied a legal standard is a question of law reviewed de novo." *Alexandria City Pub. Sch. v. Handel*, 299 Va. 191, 196 (2020). The Supreme Court has stated that an injury, as defined by the Workers' Compensation Act, requires a claimant to prove he suffered "a sudden obvious mechanical or structural change in the body." *Snead v. Harbaugh*, 241 Va. 524, 527-28 (1991) (internal quotation omitted). "The 'structural or mechanical change' *is* the injury, when it 'produces harm or pain or a lessened facility of the natural use of any bodily activity or capability.'" *Handel*, 299 Va. at 197 (quoting *Snead*, 241 Va. at 528). For example, when a claimant alleges injury to multiple body parts, he must prove mechanical or structural change in every body part injured for each to constitute a compensable injury. *Id.* ("[W]ithout such a change in a body part, there is no injury to it."). Therefore, to establish that he suffered an injury by accident while working for Wal-Mart, part of Davis's burden here was to prove that he suffered a "structural or mechanical change" to his body. *Id.*

On the specific question of whether a claimant has suffered a sudden structural or mechanical change to his body, this Court has repeatedly found that the answer to that question

is a finding of fact. *See, e.g.*, *Abacus Remodeling & Constr. & Builders Mut. Ins. Co. v. Fogel*, No. 0010-22-1 (Va. Ct. App. Sep. 13, 2022); *Sibai v. Sterling Jewelers*, No. 0678-20-4 (Va. Ct. App. Dec. 29, 2020); *Gene Forbes Enters. v. Cooper*, No. 2320-14-2 (Va. Ct. App. June 9, 2015) ("Whether a claimant suffered a sudden mechanical or structural change is a question of fact.").[1] The "Commission's findings of fact 'are conclusive and binding on appeal' . . . provided that there is credible evidence to support those findings." *Sclafani*, 300 Va. at 222-23 (quoting *Carrington v. Aquatic Co.*, 297 Va. 520, 522 (2019)). In determining whether credible evidence supports the Commission's decision, "the appellate court does not retry the facts, reweigh the preponderance of the evidence, or make its own determination of the credibility of the witnesses." *Falls Church Constr. Corp. v. Valle*, 21 Va. App. 351, 359 (1995) (quoting *Wagner Enters. v. Brooks*, 12 Va. App. 890, 894 (1991)). "[W]e are bound by the [C]ommission's factual findings supported by credible evidence, despite the fact that there may be evidence to support a contrary finding." *Hoffman v. Carter*, 50 Va. App. 199, 209 (2007).

Here, the Commission found that, after the May 5, 2022 incident, Davis's MRI results looked "similar to prior imaging." The Commission further found that during his June 10, 2022 appointment, Davis "advised Dr. Orchowski the pain he was presently feeling was similar to what he experienced prior to surgery." In addition, the Commission stated that although the MedExpress physician, Dr. Alsayed, provided Davis with discharge information about a lumbar sprain, "any diagnosis of a specific type of back injury is absent from the record." The Commission found that "[i]maging studies revealed only normal, post-operative changes to the claimant's back" – and that "Dr. Orchowski also opined that MRIs taken before and after the

---

[1] "Although not binding precedent, unpublished opinions can be cited and considered for their persuasive value." *Castillo v. Loudoun Cnty. Dep't of Fam. Servs.*, 68 Va. App. 547, 572 n.7 (2018) (quoting *Otey v. Commonwealth*, 61 Va. App. 346, 350 n.3 (2012)); *see also* Rule 5A:1(f).

accident were similar and he could not determine whether the claimant suffered a structural change to the back."

Davis argues on appeal that, despite Dr. Orchowski's opinion, the "totality of the evidence" established that he actually did sustain such an injury. Davis stresses that he was working at full capacity before the incident, but that after the incident, "Dr. Orchowski wrote him out of work totally." Davis further argues that an injury involving "structural or mechanical change" occurs when an incident "produces harm or pain or a lessened bodily activity or capability."

Under the applicable standard of review, however, this Court must affirm the Commission's findings when the record contains credible evidence that Davis sustained no structural or mechanical changes to his body. As noted *supra*, the Supreme Court has consistently held, the "Commission's findings of fact 'are conclusive and binding on appeal' . . . provided that there is credible evidence to support those findings." *Sclafani*, 300 Va. at 222-23 (quoting *Carrington*, 297 Va. at 522). Here, Davis's medical records and his own statements established that Dr. Orchowski treated Davis for his back problems both before and after the May 5, 2022 incident – including performing back surgery on Davis in 2017 and 2018. Medical records further show that Dr. Orchowski reviewed Davis's post-incident MRI and found no substantial changes from his pre-incident MRI. Furthermore, Dr. Orchowski was specifically asked by defense counsel, "Within a reasonable degree of medical probability, can you say that Mr. Davis sustained an actual mechanical or structural change to his body as a result of an incident at work occurring on May 5, 2022?" Dr. Orchowski answered, "No." This answer clearly demonstrated that Dr. Orchowski could not say, within a reasonable degree of medical probability, that Davis sustained a mechanical or structural change to his body due to the incident on May 5, 2022. As stated consistently by this Court, "The opinion of the treating physician is entitled to

great weight." *Vital Link, Inc. v. Hope*, 69 Va. App. 43, 64 (2018). Given the credible evidence provided by Dr. Orchowski and given the lack of any diagnosis elsewhere in the record of a sudden mechanical or structural change, the Commission did not err in concluding that Davis failed to meet his burden to prove that he sustained a compensable injury while working for Wal-Mart on May 5, 2022.

Davis's arguments to this Court that he was injured on May 5, 2022, are effectively an invitation for this Court to reweigh the evidence, emphasize those facts favorable to his position, and reverse the Commission's findings of fact. However, under the standard of review we must use on appeal, we cannot do so. *Valle*, 21 Va. App. at 359. For all the reasons we have noted, the Commission's findings here are supported by credible evidence and we cannot say now on appeal that the Commission erred by determining that Davis failed to prove he suffered an injury by accident. *Williams v. Fuqua*, 199 Va. 709, 714 (1958) ("The probative weight to be given [an attending physician's] evidence is for the Commission to determine, and if it is doubtful and in conflict with other medical evidence, the Commission is free to adopt that which is most consistent with reason and justice.").

In his second assignment of error to this Court, Davis contends that the full Commission "erred in finding that the claimant's injury was a 'predictable consequence of claimant's voluntary defiance' of medical restrictions." However, the full Commission did not make this finding. While the deputy commissioner relied in part on the "predictable consequence" ground to deny Davis's claim, the Commission did not rely on it at all. Instead, the Commission found the issue to be moot. Specifically, the Commission stated, "Because the Deputy Commissioner found the claimant did not sustain a compensable injury, however, the defendants' alternative pleading that the injury was an expected result of exceeding work restrictions is *moot*." (Emphasis added). Consequently, we cannot reach Davis's second assignment of error because

it does not address a finding or ruling by the full Commission. *See* Rule 5A:20(c); *Amos v. Commonwealth*, 61 Va. App. 730, 745 (2013) ("Where a party fails to obtain a ruling on a matter presented to a trial court, there is nothing for this Court to review on appeal."). In addition, as Davis's counsel conceded at oral argument before this Court, he did not object or file a motion to reconsider before the full Commission after the Commission entered its opinion finding the "'predictable consequence of claimant's voluntary defiance' of medical restrictions" issue to be moot. *See* Rule 5A:18; *Williams v. Gloucester Sheriff's Dep't*, 266 Va. 409, 411 (2003). In short, for these reasons, we cannot reach Davis's second assignment of error in this appeal.

## III.  CONCLUSION

Credible evidence in the record – including that of Davis's treating physician, Dr. Orchowski – supports the Commission's finding that Davis failed to prove that he suffered a structural or mechanical change to his body on May 5, 2022.  Therefore, we cannot say that the Commission erred in concluding that Davis failed to prove that he sustained an injury by accident.  Furthermore, the full Commission never made the finding that Davis takes issue with in his second assignment of error, and Davis failed to preserve any argument contesting the full Commission's decision not to make that finding.

For all these reasons, we affirm the judgment of the Workers' Compensation Commission.

*Affirmed.*