VOLLMER, Respondent, vs. INDUSTRIAL COMMISSION and another, Appellants.

*November 19—December 15, 1948.*

For the appellant Industrial Commission there was a brief by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, and oral argument by *Mr. Levitan.*

For the appellant city of Milwaukee there was a brief by *Walter J. Mattison,* city attorney, and *Cornelius J. Merten,* assistant city attorney, and oral argument by *Mr. Merten.*

*L. A. Tarrell* of Milwaukee, for the respondent.

FRITZ, J.    Albert Vollmer, an employee of the city of Milwaukee, filed an application with the Industrial Commission for payment of workmen's compensation by the city because of injury which he sustained in the course of a fight between him and Anton Balistreri.   On the evidence taken on a hearing before an examiner of the commission, he found,—

Anton Balistreri was the foreman of a crew of city employees working on the night of March 26, 1946, in the city hall.   Working under his supervision were women who did cleaning and also Albert Vollmer, who was the night watchman and also had to clean elevators.   Vollmer's duties as watchman required him to punch clocks at various locations on different floors, starting with the basement and then proceeding to the first and the other floors above.   At 11 :30 p.m. Vollmer began punching the clocks in the basement and then went up to the main floor and completed punching the clocks there.   Then he returned to the basement and took an eleva-

tor to the second floor to punch the clocks there and thereafter continued upward to the floors above. At about this time Balistreri, who had used another elevator to carry some women employees to the main floor, was opening the outer doors on that floor to allow the women to leave the building. Vollmer called down from the second floor to Balistreri on the main floor and told him to take the elevator back to the basement. Balistreri did not comply with that command. Thereupon Vollmer went from the second floor to the main floor and started an altercation with Balistreri, in the course of which Vollmer was injured.

Upon the examiner's findings of fact, he concluded that the injury suffered by Vollmer arose out of his employment and in the course thereof, but that as he was the aggressor in the altercation, he was not entitled to any benefits under the compensation act and his application must be dismissed; and the examiner so ordered. Upon the review of that order the commission concluded that the examiner's findings were correct, except as to the paragraph stating the examiner's conclusions. In lieu thereof, the commission substituted the following,—

"The commission concludes that the applicant was the aggressor in such altercation, and therefore the injury suffered by the applicant did not arise out of his employment and while performing service growing out of and incidental to such employment; that, therefore, applicant is not entitled to benefits under the compensation act."

And, except as thus modified, the commission ordered,—

"That the findings of fact and order of the commission be and the same are hereby affirmed."

In the action brought by Vollmer to set aside the commission's order, the circuit court concluded,—

" . . . that the injury is a work-created injury. It occurred not only while the man was on the job, but because he was on the job. The alteration is the product of the employment and the final injury arises out of the employment. . . . Whether for aggressor or innocent victim, it is the same assault which arises out of employment. And the injury arises out of this assault. Therefore, the injury—whether to aggressor or to innocent victim—arises out of employment."

And the court entered judgment vacating the commission's order and remanding the record to the commission. That judgment cannot be sustained.

Vollmer, as night watchman, was working under and subject to Balistreri's orders as foreman. As such subordinate employee, Vollmer was not authorized and it was not within the scope or course of his employment to order Balistreri to take the elevator to the basement; and Balistreri was not required to comply with Vollmer's orders. When Vollmer was on the second floor his duties as watchman required him to complete punching the time clocks there and then proceed to do so on the floors above. Instead, when Balistreri did not comply with Vollmer's unauthorized command, he wrongfully left the second floor, where he was then employed, and went down to the first floor and there commenced an altercation and physical encounter with Balistreri which resulted in injuries to Vollmer because of which he claims the city of Milwaukee is liable to him for compensation under ch. 102, Stats.

Sec. 102.03, Stats., provides, so far as here material,—

"(1) Liability under this chapter shall exist against an employer only where the following conditions concur: . . . (c) Where, at the time of the injury, the employee is performing service growing out of and incidental to his employment. . . . (d) Where the injury is not intentionally self-inflicted. (e) Where the accident or disease causing injury arises out of his employment."

Under these provisions, an employee is *not* entitled to compensation unless at the time of the injury he "is performing service growing out of and incidental to his employment" and unless "the accident . . . causing injury arises out of his employment."

In the case at bar Vollmer, instead of continuing, as required in the course of his employment, to perform his duties as watchman on the second and other upper floors, deliberately stepped out of that course of employment by going down to the first floor and there assaulting Balistreri. That assault originated entirely by reason of Vollmer's conduct in furtherance of solely his own wrongful purpose and it was wholly outside the scope of his employment and foreign to his performance of any service growing out of or incidental thereto. In initiating the incident and making the assault on his own accord he was not performing any duty or service for his employer. Nor was the assault or the injury which he sustained a natural incident of the work which he was required to perform.

As stated in *Peterman v. Industrial Comm.* 228 Wis. 352, 358, 280 N. W. 379,—

"An employee may momentarily step aside from his employment, and such step may effectually break the master and servant relationship. An employee may wilfully do a wrongful act for purposes entirely foreign to his employment, and while so acting take himself without the scope of his employment. *Firemen's Fund Ins. Co. v. Schreiber,* 150 Wis. 42, 135 N. W. 507; *Sheboygan Airways, Inc., v. Industrial Comm., supra.* Such a departure from the scope of one's employment, measured in terms of time and space, may be very slight. Nevertheless, if the act performed by one is in furtherance of his own purposes and without the scope of his employment, the master may not be liable. *Eckel v. Richter,* 191 Wis. 409, 211 N. W. 158."

See also *Johnson v. Industrial Comm.* 222 Wis. 19, 24, 267 N. W. 286; *State Young Men's C. Asso. v. Industrial Comm.* 235 Wis. 161, 163, 292 N. W. 324.

Consequently, the commission rightly found that the injury suffered by Vollmer did not arise out of his employment and while performing services growing out of or incidental to such employment; and on these grounds the order dismissing the application for compensation must be confirmed.

*By the Court.*—Judgment reversed and cause remanded with directions to enter judgment confirming the order of the Industrial Commission.