RICK, Appellant, vs. INDUSTRIAL COMMISSION and others, Respondents.

*March 5—April 6, 1954.*

For the appellant there was a brief by *Bassuener, Humke, Poole & Axel* of Sheboygan, and oral argument by *H. S. Humke*.

For the respondent Industrial Commission there was a brief by the *Attorney General* and *Mortimer Levitan*, assistant attorney general, and oral argument by *Mr. Levitan*.

For the respondents Wisconsin Motor Service, Inc., and others there was oral argument by *Ben E. Salinsky* of Sheboygan.

STEINLE, J.   The plaintiff had the burden of proving the existence of all facts essential to compensation and if, in the mind of the commission, she failed to do so, it was the commission's duty to deny the application. *Hemans v. Industrial Comm.* (1954), ante, p. 100, 62 N. W. (2d) 406. If the evidence before the commission was such as to raise in the minds of its members a legitimate doubt as to the right of the plaintiff to compensation it was its duty to deny compensation. *Beem v. Industrial Comm.* (1943), 244 Wis. 334, 12 N. W. (2d) 42. This court has never held, nor does the statute provide, that when an employee is found dead under circumstances indicating that death took place within the time and space limits of the employment, in the absence of any

evidence of what caused the death, a presumption that the death arose out of the employment is created. In *Hansen v. Industrial Comm.* (1951), 258 Wis. 623, 46 N. W. (2d) 754, such presumption was indulged in, but that was in accord with the express provisions of sec. 102.03 (1) (f), Stats. 1947, a statute applicable only to the case of persons whose work requires them to travel. The fact that the presumption was created expressly for travelers would seem to negate the recognition of a general presumption that unwitnessed death arises out of employment.

The learned trial court said in its memorandum opinion that the commission's finding, which we have quoted, was made gratuitously in that it was not necessary for the commission to find that death was caused because of the injury sustained on January 25th; it was not necessary for the commission to find the cause of death; it was the plaintiff's burden to establish that it occurred within the scope of the deceased's employment.

We find nothing in the evidence which would support a finding that the injury sustained on February 11th caused the death of the employee. An effort was made to establish that the testimony of the physician would support such finding. The difficulty with that contention is that such conclusion is based upon no more than a suspicion that he in fact fell. The suggestion that as he fell he might have raised his head and struck some part of the automobile assumes, first, that he fell, and speculates that he raised his head. The record is entirely barren of any testimony that whatever injury he had on February 11th was sufficient to cause his death.

The failure of the plaintiff to have offered testimony that the fall which occurred on February 11th was the result of Mr. Rick's work or his work environment or that the results of the fall were substantially aggravated by some condition of

the employment required the commission to refuse to specu-late and it was obliged to deny compensation.

*By the Court.*—Judgment affirmed.