NIELSEN, Respondent, v. INDUSTRIAL COMMISSION and others, Appellants.*

*May 5—June 6, 1961.*

* Motion for rehearing denied, without costs, on October 3, 1961.

For the appellants the cause was argued by *Mortimer Levitan*, assistant attorney general, with whom on the brief was *John W. Reynolds*, attorney general, joined in by *James J. Stout* of Milwaukee.

For the respondent there was a brief and oral argument by *John B. Morrissy* of Lake Geneva.

HALLOWS, J. The sole question for determination is whether there exists a presumption that an unexplained fall of an employee on the employer's premises arises out of the employment. This question has not heretofore been decided by this court, but was pointed out and reserved for future decision in *Peterson v. Industrial Comm.* (1955), 269 Wis. 44, 68 N. W. (2d) 538.

It is, of course, elementary the applicant has the burden of proving all the facts essential to the recovery of compensation, and if the applicant fails to meet such burden of proof, the commission has the duty to deny the application. *Johnston v. Industrial Comm.* (1958), 3 Wis. (2d) 173, 87 N. W. (2d) 822; *Beem v. Industrial Comm.* (1943), 244 Wis. 334, 12 N. W. (2d) 42; *Fitz v. Industrial Comm.* (1960), 10 Wis. (2d) 202, 102 N. W. (2d) 93; *Unruh v. Industrial Comm.* (1959), 8 Wis. (2d) 394, 99 N. W. (2d) 182. In order to recover for her injuries and establish liability on the part of the employer under sec. 102.03 (1), Stats., the applicant must prove she sustained an injury while she was performing service growing out of and incidental to her employment and the accident causing the injury arose out of her employment. On this appeal, no question is raised that Anna Nielsen sustained an injury while performing services growing out of and incidental to her employment. The sole question is whether the accident arose out of employment.

The reason or cause of the accident is not to be found in the evidence. The only testimony is that of the applicant who stated she could not tell how she happened to fall while going from the laundry to the hotel. She did not know whether she slipped, and the accident happened so fast she did not know what happened. We do not know whether

she was walking on a sidewalk or on the grass, on the level or on a slope. There is no evidence indicating the fall was caused by any hazard or danger of her employment or by any disease or physical disability personal to the applicant which caused or was in any way related to the accident. This is truly a case of an unexplained fall. If there exists a presumption that an unexplained fall of an employee on the employer's premises arises out of the employment, then, since there is an absence of any proof to the contrary, such presumption would be sufficient to sustain the burden of proof for the applicant. If, however, no such presumption exists, the applicant has failed to meet her burden of proof, and the judgment must be reversed and the finding of the Industrial Commission sustained.

The applicant argues, and the trial court was of the opinion, there exists such a presumption, relying, in the main, on *Cutler-Hammer, Inc., v. Industrial Comm.* (1958), 5 Wis. (2d) 247, 92 N. W. (2d) 824. The *Cutler Case* did not involve a presumption of an unexplained fall but rather the application of the "positional risk" doctrine to a fall by an employee down steps on employer's premises. In that case, we defined the phrase "arises out of his employment" as not requiring the employment to cause the accident in a tort sense of a force producing the accident. The testimony in the *Cutler Case* was conflicting, part tended to show the fall was due to an existing condition of the employee's knee—a cause personal to him, and the rest tended to prove the employee slipped, that he did not faint or black-out and his knee did not cave in on him. The Industrial Commission found the employee slipped and we affirmed that finding. In explaining the "positional risk" doctrine, we pointed out, on page 253:

"The core of the idea is that an accident arises out of the employment when the connection between the employment and the accident is such that the obligation or circum-

stances of the employment places the employee in the particular place at the particular time when he is injured by a force which is not solely personal to him."

We also stated the concrete stairway, which the employee was required to use in the course of his employment to punch the clock at the end of the workday, created a special zone of hazard and his fall down these steps was an accident which arose out of his employment. The "positional risk" doctrine, as applied in the *Cutler Case,* has its inherent limitations. We did not hold every accident on the employer's premises arises out of the employment, or in its widest sense the employment passively supplied the conditions "but for" which the injury would not have occurred. The "but for" test is the crutch to explain the "positional risk" doctrine in those jurisdictions which hold that the employment must cause the accident. But in *Cutler,* we found a special zone of hazard, which related the employment to the accident.

The trial court reasoned, and the applicant here argued, the *Cutler Case* necessarily raises a presumption that an unexplained fall arises out of the employment because of the application of the "positional risk" doctrine. The difficulty with this reasoning is the "positional risk" doctrine, as applied in Wisconsin, does not embrace within its ambit all falls on the employer's premises and consequently no valid presumption can arise that an unexplained fall arises out of the employment.

Reliance for the existence of the presumption is also based upon *Van Roy v. Industrial Comm.* (1958), 5 Wis. (2d) 416, 421, 92 N. W. (2d) 818, wherein it was stated:

"The past decisions of this court firmly establish that, where the employee is hurt as a result of an accident occurring on the premises of the employer while the employee is engaged in some activity which ministers to his own comfort, the accident arises out of the employment."

This sentence, taken out of context, lends some support to the applicant's position. The court was not referring to unexplained falls but to the personal-comfort doctrine. There we held an accident arose out of the employment when an employee, while going to get lunch at a country store off the employer's premises, was injured in an automobile accident. The language did not eliminate the "arising out of the employment" requirement.

The appellant relies on 1 Larson, Law of Workmen's Compensation, p. 96, sec. 10.31, for the proposition the majority of states allow compensation for unexplained falls under the "positional risk" doctrine. Larson states that this result is generally and often reached by judicial or statutory presumptions and there is very little authority to the contrary. True, some states have a statutory presumption which is not persuasive here; and while it can be argued a judicial presumption should exist to explain the result in those jurisdictions which have adopted the broadest concept of the "positional risk" doctrine, we have not adopted such an all-embracing concept of the "positional risk" doctrine.

Two compelling reasons negate a presumption that unexplained falls arise out of the employment. In *Egger v. Northwestern Mut. Life Ins. Co.* (1931), 203 Wis. 329, 234 N. W. 328, we said presumptions declared by a court should have the support of reason and human experience. A presumption has been defined to be an inference as to the existence of one fact from the existence of some other fact founded upon a previous experience of their connection. 1 Jones, Evidence, Civil Cases (4th ed.), p. 13, sec. 9. Cause of accidents may be connected to the hazards of a particular employment or the result of the personal disease or physical disability of the employee, or fall in a neutral category, and it would be improvident for this court to create a presumption that all accidents occurring on the employer's premises exclude accidents caused by or resulting from idiopathic

causes. Human experience does not attest all accidents or a sufficient share of them, occurring on an employer's premises, arise out of the employment as that term has been defined by this court. If such a working tool is to exist in the fact-finding process, then the legislature should create it as some other states have done.

The second reason why no presumption exists is found in the statute itself. In cases involving traveling employees, sec. 102.03 (1) (f), Stats., creates the presumption, "Any accident or disease arising out of a hazard of such service shall be deemed to arise out of his employment." See *Hansen v. Industrial Comm.* (1951), 258 Wis. 623, 46 N. W. (2d) 754. This statutory presumption applies only to traveling employees. It is to be noted the accident or disease must arise out of a hazard of such service, and as we stated in *Rick v. Industrial Comm.* (1954), 266 Wis. 460, 465, 63 N. W. (2d) 712:

"The fact that the presumption was created expressly for travelers would seem to negate the recognition of a general presumption that unwitnessed death arises out of employment."

In the *Rick Case,* the employee was found unconscious on the floor of the employer's premises. The plaintiff contended the employee fell and struck his head, causing the injury which resulted in death a few hours later. There was testimony the employee had received a nonindustrial head injury a few weeks before. The Industrial Commission found the employee most probably fell and died because of the effects of the nonindustrial head injury. This court affirmed and found no evidence to support the contention the employee fell on the premises or if he did, it caused his death, stating the failure to offer testimony that the fall was the result of the employee's work or his work environment or that the results of the fall were substantially aggravated

by some condition of the employment, required the commission to refuse to speculate and was obligated to deny compensation.

*By the Court.*—Judgment reversed, with instructions to affirm the order of the Industrial Commission.

DIETERICH, J., dissents.