ALLIED MANUACTURING, INC., and another, Appellants, v. DEPARTMENT OF INDUSTRY, LABOR & HUMAN RELATIONS and others, Respondents.

*No. 48. Argued January 7, 1970.—Decided February 3, 1970.*
(Also reported in 173 N. W. 2d 690.)

564

For the appellants there was a brief and oral argument by *Robert W. Connell* of Milwaukee.

For the respondents Department of Industry, Labor & Human Relations and State of Wisconsin the cause was argued by *Donald P. Johns,* assistant attorney general, with whom on the brief was *Robert W. Warren,* attorney general.

HANLEY, J. The sole issue on this appeal is: Did the evidence establish that the accident (assault) which caused deceased's injuries arise out of her employment?

This court has previously stated that in order to establish liability of an employer under the Workmen's Compensation Act, the employee must establish that he was not only performing services growing out of and incidental to his employment, but also that the accident causing his injury arose out of his employment. Sec. 102.03 (1) (c) and (e), Stats. *Cutler-Hammer, Inc. v. Industrial Comm.* (1958), 5 Wis. 2d 247, 92 N. W. 2d 824. These prerequisites to recovery are independent and must be proven separately. *Nash-Kelvinator Corp. v. Industrial Comm.* (1954), 266 Wis. 81, 62 N. W. 2d 567. There is no question here that the deceased at the time of the accident (assault) was performing services growing out of and incidental to her employment.[1]

---

[1] The respondents' brief, relying on the presumption of continuity of service, devotes considerable argument to the proposition that the deceased had not deviated from her employment and was thus

While there are four basic interpretations of the term "arises out of his employment," this court has specifically adopted the "positional risk" doctrine. *Cutler-Hammer v. Industrial Comm., supra.* Under this doctrine, at page 253:

". . . [A]n accident arises out of the employment when the connection between the employment and the accident is such that the obligation or circumstances of the employment places the employee in the particular place at the particular time when he is injured by a force which is *not solely personal to him.*" (Emphasis supplied.)

It is the appellants' position on this appeal that since the assailant's motive is undetermined it is impossible to establish that the assault was not "solely personal to the deceased." They thus reason that the "positional risk" doctrine is inapplicable and that the evidence will not establish that the accident "arose" out of the deceased's employment unless this court adopts the presumption that unexplained deaths occurring on an employer's premises arise out of employment.

While the respondents, citing 1 Larson, *Law of Workmen's Compensation,* pp. 108–123, sec. 10.32, urge the adoption of such presumption, the appellants indicate that such presumption has been rejected by previous decisions of this court. *See: Rick v. Industrial Comm.* (1954), 266 Wis. 460, 63 N. W. 2d 712; *Nielsen v. Industrial Comm.* (1961), 14 Wis. 2d 112, 109 N. W. 2d 483; and *Kraynick v. Industrial Comm.* (1967), 34 Wis. 2d 107, 148 N. W. 2d 668.

*Rick v. Industrial Commission, supra,* indicated at pages 464 and 465 that:

performing services incidental to her employment. Since the appellants' brief deals only with the second prerequisite to recover, these portions of the respondents' brief are not germane to the issue before this court. Respondents' reference to deviation and the presumption of continuity of service serve only to confuse the two prerequisites.

". . . This court has never held, nor does the statute provide, that when an employee is found dead under circumstances indicating that death took place within the time and space limits of the employment, in the absence of any evidence of what caused the death, a presumption that the death arose out of the employment is created. . . ."

In *Rick, Nielsen* and *Kraynick*, unlike the instant case, the applicants were forced to urge the adoption of a presumption because the court, being unable to find a zone of special danger, was unable to employ the "positional risk" doctrine. In *Nielsen*, this court distinguished between the "positional risk" doctrine and a presumption.

We hold that in the instant case the isolated work environment in which the deceased worked constituted a zone of special danger and that the "positional risk" doctrine is applicable.

The appellants' contention that the assailant's motive is determinative of the doctrine's applicability is directly refuted by *Nash-Kelvinator Corp. v. Industrial Comm.*, *supra*. There an employee was assaulted by fellow workers while he was performing his usual duties of employment. Since it was undisputed that the employee was assaulted for having signed a peace petition which his fellow workers considered Communist-inspired, the employer argued "that the assault was motivated by a personal act of the employee performed outside of his employment and unconnected with his work, that the assault therefore was purely personal and self-invited, and that it did not arise out of the employment." [2]

This court declined to accept this argument by stating:

". . . We are not concerned with the fomenting cause. Where the work *environment* is one of the causative factors of the assault, it is immaterial whether the motive is or is not work connected. . . ." (Emphasis supplied.)

[2] *Nash-Kelvinator Corp. v. Industrial Comm.*, *supra*, at page 85.

This holding was in conformity with 1 Larson, *Law of Workmen's Compensation,* pp. 135–137, sec. 11.11 (b), which indicates that an attack can be linked to employment either through the subject matter of the dispute (assailant's motive) or through a work environment which increases the risk of attack.

In the instant case, the loneliness of the environment in which the deceased was placed following the departure of other employees increased the risk of attack and constituted one of its causative factors. Contrary to the position of the appellants, factors outside the building such as the existence of other buildings in the area and heavy vehicular traffic on nearby roads are not determinative of loneliness.

Applying the "positional risk" doctrine, the deceased was present at a place where she was injured through the conditions of a location constituting a zone of special danger.

*By the Court.*—Judgment affirmed.