Donna K. HRABAK and Wyatt Hrabak, Plaintiffs,

v.

MARQUIP, INC., a domestic corporation; Carl R. Marschke; Sam Opresik; and General Casualty Company of Wisconsin, Defendants.

No. 91–C–442–S.

United States District Court, W.D. Wisconsin.

Jan. 2, 1992.

Janet L. Marvin, Park Falls, Wis., for plaintiffs.

Marquip, Inc. and Carl R. Marschke by Earl H. Munson, Sam Opresik, by Ward I. Richter, General Cas. Co. of Wisconsin by Scott G. Pernitz, Madison, Wis., for defendants.

## MEMORANDUM AND ORDER

SHABAZ, District Judge.

Plaintiff Donna K. Hrabak commenced this Title VII sexual harassment action against her employer, defendant Marquip, Inc., one of its executive officers, Carl R. Marschke, one of its supervisory employees, Sam Opresik, and Marquip's insurer, General Casualty Company of Wisconsin. Plaintiff alleges that certain actions of de- fendant Opresik constituted sexual harassment and that retaliation occurred after she complained to her employer about defendant Orpresik's actions. Plaintiff Donna Hrabak also asserts common law claims of battery and intentional infliction of emotional harm against defendants Orpresik and General Casualty.

The matter now comes before the Court on motions for summary judgment advanced by each defendant which plaintiffs oppose. This Court has jurisdiction pursuant to 28 U.S.C. § 1331. The following is a summary of the facts relevant to the motions pending before the Court. Conflicting facts have been resolved in plaintiffs' favor.

## FACTS

Plaintiff Donna K. Hrabak was employed by defendant Marquip, Inc. in January 1985 and became a sales administrative assistant in February of 1988. As a sales administrative assistant her work was supervised by the defendant Sam Opresik on a daily basis. She reported daily to Opresik who reviewed her work and gave her assignments. Opresik reported plaintiff's job performance to supervisors Katy Marano or Thomas Fetherston.

During the period from spring 1988 until August 12, 1988, defendant Opresik took the following actions toward Hrabak. Despite her protests he repeatedly touched her arm, back and shoulders until she would move away from his touch. The touching did not cause pain or injury. Opresik requested verbally and in writing that Hrabak wear revealing clothing, including a mini skirt and a particular low-cut red dress. Opresik complimented Harbak on her legs and figure and made other comments about her body. He frequently stopped to talk to plaintiff after she had changed into exercise clothing at the end of the day. On one such occasion he touched her foot.

Plaintiff did not report Opresik's conduct to higher supervisors until late August 1988. At that time plaintiff applied to Katy Marano for a position as a company

receptionist. Plaintiff told her about some of the actions of Opresik when asked the reason for her application. As a result of her complaints a conference was held with Opresik and the Company required that he attend counseling. Plaintiff was assigned a new supervisor, Tom Fetherston, and reported directly to him. She asserts that in spite of Marquip's efforts retaliation occurred against her by Opresik as a result of the complaint she made against him.

Defendant Opresik's personnel record evidences a history of problems in dealing with co-workers, both male and female.

Plaintiff decided that defendant Marquip was not doing enough and requested a position reassignment on or about November 21, 1988. She was transferred on her request to a part-time position in the mail room and copy center and terminated her employment with defendant Company on March 31, 1989.

At all times relevant to this complaint defendant General Casualty Company of Wisconsin had commercial liability policies with Marquip. Each of these policies provided in relevant part:

COVERAGE B. Personal and advertising injury liability.

1. Insuring agreement.

   a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal injury" or "advertising injury" to which this insurance applies.

The term "personal injury" is defined identically in each of the policies as follows: "Personal injury" means injury, other than "bodily injury," arising out of one or more of the following offenses:

   a. False arrest, detention or imprisonment;

   b. Malicious prosecution;

   c. Wrongful entry into, or eviction of a person from, a room, dwelling or premises that the person occupies;

   d. Oral or written publication of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services; or

   e. Oral or written publication of material that violates a person's right of privacy.

## MEMORANDUM

Each defendant moves for summary judgment on some or all of the claims asserted.

Summary judgment is appropriate when, after both parties have the opportunity to submit evidence in support of their respective positions and the Court has reviewed such evidence in the light most favorable to the nonmovant, there remains no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Rule 56(c), Federal Rules of Civil Procedure.

A fact is material only if it might affect the outcome of the suit under the governing law. Disputes over unnecessary or irrelevant facts will not preclude summary judgement. A factual issue is genuine only if the evidence is such that a reasonable factfinder could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). Under Rule 56(e) it is the obligation of the nonmoving party to set forth specific facts showing that there is a genuine issue for trial.

*Opresik Motions for Summary Judgment*

■ Defendant Opresik moves for summary judgment on the Title VII claim for the reason he is not an employer subject to the provisions of 42 U.S.C. § 2000e–2(a). Section 2000e(b) provides as follows:

The term "employer" means a person engaged in an industry affecting commerce who has fifteen or more employees ..., and any agent of such a person....

There is no dispute that defendant Marquip falls within the definition of the term "employer." It is disputed whether Opresik constitutes an agent of Marquip for purposes of subjecting him to suit under Title VII.

Notwithstanding the clear extension of the definition of employer to "agents" of

the employing entity, defendant Opresik argues that Title VII governs only employers and was not intended to reach individual agents. Defendant Opresik relies principally on *Bertoncini v. Shrimpf,* 712 F.Supp. 1336 (N.D.Ill.1989). *Bertoncini,* however, expressly declined to hold that individual employees could not constitute agents for purposes of a suit under Title VII. *Id.* at 1340.

The majority of courts, including several courts of appeal, have held that an individual qualifies "as an employer under Title VII if he or she serves in a supervisory position and exercises significant control over the plaintiff's hiring, firing, or conditions of employment." *Paroline v. Unisys Corp.,* 879 F.2d 100, 104 (4th Cir.1989). *Paroline* defined when a supervisory employee rises to the level of an agent.

> The supervisory employee need not have ultimate authority to hire or fire to qualify as an employer, as long as he or she has significant input into such personnel decisions. (Citation omitted) Furthermore, an employee may exercise supervisory authority over the plaintiff for Title VII purposes even though the company has formally designated another individual as the plaintiff's supervisor. As long as the company's management approves or acquiesces in the employee's exercise of supervisory control over the plaintiff, that employee will hold "employer" status for Title VII purposes.

*Id.,* at 104.

Plaintiff has raised a genuine issue of material fact as to whether defendant Opresik exercised sufficient supervisory authority to qualify as an employer. Although the defendants have come forth with evidence that under their organizational chart Opresik was not plaintiff's supervisor, the affidavit of plaintiff indicates that he was her *de facto* supervisor with the greatest degree of input into her reviews which would affect personnel decisions concerning her. Under the circumstances, summary judgment cannot be granted on the issue of defendant Opresik's status as an employer.

■ Defendant Opresik also moves for summary judgment on the state law claims of battery and intentional infliction of emotional distress. Defendant asserts in support of his motion for summary judgment that plaintiffs' state law claims are barred by the Wisconsin Workers Compensation Act, which provides at § 102.03(2), Wis. Stat.:

> Where such conditions exist the right to the recovery of compensation under this chapter shall be the exclusive remedy against the employer, any other employee of the same employer, and the workers compensation carrier.

Plaintiff Donna Hrabak agrees that her state claim would be barred by the Workers Compensation Act, but contends that her case falls within the exception contained in the next sentence of § 102.03(2):

> This section does not limit the right of an employee to bring action against any co-employee for an assault intended to cause bodily harm ...

Plaintiffs assert that Opresik's alleged intentional touching constitutes an "assault intending to cause bodily harm" within the meaning of the exception.

The undisputed facts do not permit a finding that Opresik's actions were "an assault with intent to cause bodily harm." In fact, Donna Hrabak testifies that the touching by defendant Opresik caused no physical injury. Although the touching was without her consent, there is nothing in the record to indicate it posed a threat of bodily injury to her.

The Wisconsin Supreme Court has taken a narrow view of the exception. *Jenson v. Employers Mutual Casualty Co.,* 161 Wis.2d 253, 272, 468 N.W.2d 1 (1991). The Court declined to be bound by legal or dictionary definitions, relying instead upon the manner in which "assault" has been used in the context of prior workers compensation cases. *Id.* at 274, 468 N.W.2d 1. The Court then cited three examples of the type of assault which would be included in the exception. The three exceptions include an actual physical attack, a physical ejection from the plant, and a fatal stabbing. In each of these instances there was

an actual threat of physical injury to the party against whom the assault was directed. There is no evidence in this case that any physical injury was intended as a result of the unlawful touching.

Based upon the discussion in *Jenson* and upon the wording of the statute this Court declines to adopt the interpretation which holds that any unauthorized touching brings an action outside the exclusivity of the Wisconsin Workers Compensation Act. Where there is no indication that the touching was intended to cause or caused bodily harm, the Wisconsin Supreme Court would not expand the exception even if such actions might technically constitute a common law "battery." Such an extension would create an exception to the Workers Compensation exclusivity provision broader than that intended by the Legislature.

Because the Court finds that summary judgment is appropriate concerning plaintiff Donna Hrabak's claims, it follows that her husband's related claims for loss of consortium must also be dismissed.

*Summary Judgment Motion of Marquip, Inc.*

Defendant Marquip, Inc. moves for summary judgment only as to the Title VII sexual harassment claim. Defendant Marquip asserts that the facts presented are insufficient as a matter of law to support a finding of unlawful sexual harassment. In the alternative, Marquip asserts that if the actions of Opresik constituted sexual harassment it is not liable because it had no actual knowledge of the harassment and the actions of Opresik cannot be properly attributed to it. Each of these contentions is the subject of a genuine factual dispute which precludes the granting of summary judgment in Marquip's favor.

■ In determining whether the actions of defendant Opresik constituted sexual harassment the Court must employ both an objective and subjective inquiry to determine whether "the demeaning conduct and sexual stereotyping caused such anxiety and debilitation to the plaintiff that working conditions were 'poisoned' within the meaning of Title VII." *Brooms v. Regal Tube Co.*, 881 F.2d 412, 418 (7th Cir.1989).

Repeated unauthorized touching, requests to wear specific revealing clothing, and repeated comments about the plaintiff's body may, subjectively or objectively, alter the conditions of the plaintiff's employment and create an abusive working environment. *Brooms*, 881 F.2d at 418. A determination on whether the conditions of the plaintiff's employment, taken as a whole, created such an abusive environment requires full factual development at trial.

■ It is also clear that the issue of Marquip's liability for Opresik's actions cannot be resolved on the present record. Marquip may be liable for the actions of Opresik if Opresik was aided in accomplishing the harassment by the existence of an agency relationship or if Marquip knew, or should have known, of Opresik's actions and failed to take remedial measures. *North v. Madison Area Association for Retarded Citizens*, 844 F.2d 401, 407 (7th Cir.1988). The existence of either avenue for attributing liability is the subject of material factual dispute.

The facts as presented by plaintiff suggest that Opresik's supervisory position in the company virtually gave him complete control over the conditions of plaintiff's work environment. According to plaintiff's affidavit, he controlled all of her work, was the principal force of any evaluation of her performance, and could summon her to his office at any time. If these facts prove true at trial, Opresik's agency relationship with Marquip may be crucial to the accomplishment of the harassment.

In addition, a factual dispute remains concerning the effectiveness of the remedial measures taken by Marquip after plaintiff complained of harassment. The versions of Marquip's remedial actions as set forth by the plaintiff and Marquip differ markedly. Marquip asserts that its remedial actions were swift, comprehensive and effective. Plaintiff's version described the actions as limited, ineffective and mere lip service. Accordingly, the reasonableness of the remedial measures cannot be determined on summary judgment. Defendant

Marquip's motions for summary judgment must be denied.

*Motion of Defendant Carl R. Marschke for Summary Judgment*

■ Defendant Carl R. Marschke moves for summary judgment on the sole basis that he was not named in the charge of discrimination filed with the Equal Employment Opportunity Commission. Title VII provides that if the EEOC is unable to obtain compliance after the filing of a charge "a civil action may be brought against the respondent named in the charge." 42 U.S.C. § 2000e–5(f)(1). Accordingly, the general rule is that only persons named in the charge of discrimination are subject to suit. *Eggleston v. Chicago Journeymen Plumbers' Local Union No. 130,* 657 F.2d 890, 905 (7th Cir.1981).

■ However, where an unnamed party has been provided with adequate notice of the charge under circumstances where said party has been given the opportunity to participate in conciliation proceedings, the charge is sufficient to confer jurisdiction over that party. *Id.* at 905. In this case there is no question that the charge adequately meets the two-fold requirement of *Eggleston* for purposes of maintaining a claim against defendant Marschke. Defendant Marschke is the president of Marquip, Inc., as well as a member of its board of directors. There is no dispute that he was aware of the alleged discriminatory actions and participated in the remedial measures taken by the company. There is no question that he was aware of the charge of discrimination filed with the EEOC and had an opportunity to participate in conciliation of the harassment complaint. Given the relationship between Marschke and Marquip it is clear that Marschke had sufficient notice of the discrimination charge and an opportunity to participate in the conciliation efforts. His motion for summary judgment must be denied.

*Motion for Summary Judgment of General Casualty Company of Wisconsin*

■ Plaintiff asserts liability against the defendant General Casualty Company of Wisconsin based exclusively on the "Cover-age B, Personal and Advertising Injury Liability" contained in the insurance contracts in force at the time. In asserting coverage under the policy plaintiff cites Anderson, Wisconsin Insurance Law (3d Ed.1990) at § 5.22, p. 151, for the following proposition:

> In essence, courts will look at the underlying factual basis ... to determine the obligation of an insurance company, not the specific theory put forth in the pleadings.

The underlying factual allegations do not come close to the list of claims covered by the policy. The term "personal injury" is precisely and unambiguously defined in the policy to include the following offenses: "a. false arrest, detention or imprisonment; b. malicious prosecution; c. wrongful entry into or eviction of a person from a room, dwelling or premises that the persons occupies; d. oral or written publication of material that slanders or libels a person or organization or disparages a person's or organization's goals, goods, products or services; or e. oral or written publication of material that violates a person's right of privacy." Plaintiffs do not suggest how any allegation fits within the definition of personal injury under the policy. Defendant General Casualty's motion for summary judgment must be granted.

### ORDER

IT IS ORDERED that the motion of defendant Sam Opresik is GRANTED concerning the state common law causes of action and is DENIED in all other respects.

IT IS FURTHER ORDERED that the motions for summary judgment of defendants Marquip, Inc. and Carl R. Marschke are DENIED.

IT IS FURTHER ORDERED that the motion of defendant General Casualty Company of Wisconsin for summary judgment is GRANTED.