(93 CV 346) WEST BEND MUTUAL INSURANCE COMPANY,
Plaintiff,

v.

Genny BERGER, Defendant-Appellant,

Jeff PLAUTZ, and Bob Matthews, Defendants-
Respondents.

(93 CV 352) Genny BERGER, Plaintiff-Appellant,

v.

Jeff PLAUTZ, and Bob Matthews, Defendants-
Respondents.†

Court of Appeals

*No. 94–1512. Submitted on briefs February 3, 1995.—Decided
March 30, 1995.*

(Also reported in 531 N.W.2d 636.)

† Petition to review denied.

For the plaintiff-appellant the cause was submitted on the briefs of *John L. Cates* and *Bruce M. Davey* of *Lawton & Cates, S.C.* of Madison.

For the defendant-respondent, Bob Matthews, the cause was submitted on the brief of *David R. Carlson* of *Carlson, Rogers & Owens* of Portage.

Before Gartzke, P.J., Dykman and Vergeront, JJ.

DYKMAN, J. Genny Berger appeals from summary judgments dismissing her tort claims against Bob Matthews and Jeff Plautz. Berger argues the trial court erred by determining that the exclusive remedy provision of the Worker's Compensation Act[1] (WCA) precluded her tort claims. The trial court determined that Matthews's and Plautz's behavior did not constitute an assault intended to cause bodily harm and therefore, the exception to the exclusive remedy provision of the WCA was not satisfied. We conclude that a factual dispute exists as to whether Matthews's and Plautz's actions were assaults intended to cause bodily harm. We therefore conclude that summary judgment was inappropriately granted. Accordingly, we reverse.[2]

## BACKGROUND

Genny Berger was employed as a warehouse worker by Mr. Spindle, Inc., from December 1991 through March 1992. In July 1993, Berger commenced an action against Bob Matthews and Jeff Plautz alleging that over the course of her employment, they had subjected her to various incidents of sexual assault and harassment.

In her complaint, Berger alleges that Plautz assaulted her by poking her buttocks with a baluster and then forcefully shoving it between her thighs while stating, "How'd you like this big one, baby?" Berger

---

[1] Worker's Compensation Act, §§ 102.01-102.89, STATS.

[2] Genny Berger appeals from judgments entered against Bob Matthews and Jeff Plautz. Jeff Plautz failed to file a response brief in this appeal but by letter dated March 10, 1995, he informed this court that he is not able to afford counsel and "will take the same consequences as Mr. Matthews." Accordingly, we consider the appeal on the briefs filed by Genny Berger and Bob Matthews.

alleges that Matthews assaulted her on several occasions. One time, he pinched her buttocks. Another time, in the presence of co-workers, Matthews placed a spindle[3] against his pelvic area and poked the other end into her buttocks mimicking sexual intercourse. And, on a final occasion, Matthews placed his hands on either side of her hips and rubbed his pelvis against her buttocks simulating sexual intercourse. She alleges these actions caused her pain, suffering, emotional distress, humiliation and fear.

Matthews and Plautz moved for summary judgment, arguing that Berger's claims against them were covered under the Wisconsin Fair Employment Act[4] (WFEA) or were barred by the exclusivity provision of the WCA. The trial court agreed and dismissed her tort claims. Berger appeals.

## STANDARD OF REVIEW

An appeal from a grant of summary judgment raises an issue of law which we review *de novo* by applying the same standards employed by the trial court. *Brownelli v. McCaughtry*, 182 Wis. 2d 367, 372, 514 N.W.2d 48, 49 (Ct. App. 1994). We first examine the complaint to determine whether it states a claim, and then the answer to determine whether it presents a material issue of fact. *Id.* If they do, we then examine the moving party's affidavits to determine whether a *prima facie* case has been established. *Id.* If it has, we then look to the opposing party's affidavits to determine whether there are any material facts in dispute

---

[3] A spindle is a 2×2×32 inch cylindrical piece of cedar or redwood, weighing about ¾ to one pound.

[4] Wisconsin Fair Employment Act, §§ 111.31-111.395, STATS.

which would entitle the opposing party to a trial. *Id.* at 372-73, 514 N.W.2d at 49-50. Construction of a statute and its application to a particular set of facts are questions of law we review *de novo. Minuteman, Inc. v. Alexander*, 147 Wis. 2d 842, 853, 434 N.W.2d 773, 778 (1989).

## EXCEPTION TO EXCLUSIVE REMEDY PROVISION

Berger argues the trial court erred in concluding that her tort claims do not fall within the statutory exception to the exclusive remedy provision of the WCA. According to Berger, she has raised genuine issues of material fact with regard to whether Matthews and Plautz committed assaults intended to cause bodily harm, thereby entitling her to a trial. We agree.

Generally, an employee's exclusive remedy for a work-related injury lies under the WCA. *Hake v. Zimmerlee*, 178 Wis. 2d 417, 420, 504 N.W.2d 411, 412 (Ct. App. 1993). Although employee immunity is the rule, the legislature has carved out exceptions which are to be narrowly construed. *Id.* at 423, 504 N.W.2d at 413. In order for Berger to maintain a tort action against her co-workers, she must show that their actions constitute assaults intended to cause bodily harm. Section 102.03(2), Stats.[5]

---

[5] Section 102.03(2), STATS., provides in part,

Where such conditions exist the right to the recovery of compensation under this chapter shall be the exclusive remedy against the employer, any other employe of the same employer and the worker's compensation insurance carrier. *This section does not limit the right of an employe to bring action against any coemploye for an assault intended to cause bodily harm . . ..*

In *Jenson v. Employers Mut. Casualty Co.*, 161 Wis. 2d 253, 272-76, 468 N.W.2d 1, 9-10 (1991), the supreme court determined that verbal criticisms are not assaults for the purposes of determining whether a plaintiff's cause of action was exempted from the exclusive remedy provision of the WCA. The court explained that, at the very least, an assault intended to cause bodily harm must be more than verbal; it must be physical. *Id.* at 276, 468 N.W.2d at 10. *See also Becker v. Automatic Garage Door Co.*, 156 Wis. 2d 409, 418-19, 456 N.W.2d 888, 891-92 (Ct. App. 1990) (to come within the assault exception, there must be a threat of physical violence).

In *Jenson*, the supreme court directed us to look to the use of the word "assault" in the context of prior worker's compensation cases to determine whether a coemployee's actions constituted an assault. *Jenson*, 161 Wis. 2d at 274, 468 N.W.2d at 10. The court explained that the term "assault" described factual situations giving rise to actions denominated as "assault and battery" or "battery." *Id.* at 275, 468 N.W.2d at 10. The court noted that "assaults" in worker's compensation contexts included an actual physical attack, *Goranson v. DILHR*, 94 Wis. 2d 537, 556-57, 289 N.W.2d 270, 279-80 (1980), a fatal stabbing, *Allied Mfg., Inc. v. DILHR*, 45 Wis. 2d 563, 565-66, 173 N.W.2d 690, 691 (1970), and a physical ejection from the work place, *Nash-Kelvinator Corp. v. Industrial Comm'n*, 266 Wis. 81, 82, 62 N.W.2d 567, 568 (1954). *Jenson*, 161 Wis. 2d at 275, 468 N.W.2d at 10. The court explained that this was not an exhaustive list and specifically declined to "delineate all the parameters of the legislature's intent in using the term 'assault.' " *Id.* A

(Emphasis added.)

fatal shooting, *Applied Plastics, Inc. v. LIRC*, 121 Wis. 2d 271, 275, 359 N.W.2d 168, 170-71 (Ct. App. 1984), and a physical fight between two coemployees, *Vollmer v. Industrial Comm'n*, 254 Wis. 162, 166-67, 35 N.W.2d 304, 306-07 (1948), have also been deemed assaults in other worker's compensation cases.

Berger's complaint states a cause of action in tort. She alleges that Matthews and Plautz repeatedly touched and harassed her causing her mental and physical harm. Matthews's and Plautz's answers raise genuine issues of material fact in that they deny committing the acts complained of by Berger.

Matthews's and Plautz's affidavits establish a *prima facie* case for summary judgment because they deny touching Berger or causing her bodily harm. Matthews admits only that he knew of an incident when another employee pinched Berger and used offensive language in her presence. Matthews and Plautz assert that Berger's claims arise under the WFEA or that the WCA provides her exclusive remedy. Consequently, we examine Berger's affidavits to determine if she raises a dispute of material fact entitling her to a trial.

Berger avers that Matthews approached her from behind and pinched her buttocks. She admits failing to examine the area for a bruise, but claims that she felt terrified, humiliated and violated. Berger also claims that on a separate occasion and in the presence of coworkers, Matthews approached her from behind and poked her buttocks and thighs with a spindle. According to Berger, Matthews's actions caused her fear and confusion. She explains that she became extremely upset because she was "terrorized so often by that time [she] didn't know what to do or how to react."

Berger also states that on a third occasion, Matthews approached her from behind and put his hands

on her hips and pressed his pelvis against her simulating sexual intercourse. This was done in the presence of three other employees. Berger claims that Matthews's actions caused her to freeze because she was "scared to death." She claims she felt violated and terrorized. She stated, "It was [Matthews's] actions that made me feel he was going to—I was going to be hurt." She avers that Matthews did this two additional times. Berger also claims that she complained to Matthews about verbal abuse by coemployees and about the presence of magazines in the employee break room containing nude women.

Berger avers that on one occasion Plautz approached her from behind and put a baluster between her legs, poking her thighs and buttocks. She claims that she felt afraid that Plautz would cause her physical harm, stating, "I didn't know what he would do. If he would hit me with another stick or what he'd do." Berger also claims that Plautz was present when another employee pulled down her coveralls zipper. She responded to this action with screams and cries. She also avers that she lost sleep and could not eat because of this incident.

Berger claims that each of these incidents caused her to attend counselling, not eat, lose weight and sleep, and cry. She also claims that she experienced severe stomach pains causing her to seek the attention of a physician, thinking she had an ulcer. She states she lost between seven and ten pounds during her period of employment. She claims that another physician prescribed her an antidepressant and sleep aid because she could not sleep.

To avoid the exclusivity provision of the WCA, an employee must show that a coemployee committed an

assault intended to cause bodily harm. There is no question but that Berger asserts that Matthews and Plautz assaulted her. The relevant inquiry, however, is whether Berger has averred that Matthews's and Plautz's actions constitute assaults committed with the intent to cause bodily harm, not whether they actually caused bodily harm. A person "intends to injure or harm another if [one] 'intend[s] the consequences of [one's] act, or believe[s] that they are substantially certain to follow.' In other words, intent may be actual (a subjective standard) or inferred by the nature of the . . . intentional act (an objective standard)." *Loveridge v. Chartier*, 161 Wis. 2d 150, 168, 468 N.W.2d 146, 150 (1991) (citations and quoted source omitted). The magnitude of potential injury is not dispositive, but a substantial certainty of any injury, great or small, may warrant inferring intent as a matter of law. *Gouger v. Hardtke*, 167 Wis. 2d 504, 515, 482 N.W.2d. 84, 89 (1992).

We conclude that Berger's affidavits show that genuine issues of material fact exist with regard to whether Matthews and Plautz committed assaults intended to cause bodily harm. Berger alleged several incidents of physical contact over a period of time. The physical contact was of a sexual nature and was coupled with laughing and abusive language. From this, a reasonable juror could conclude that the nature of Matthews's and Plautz's conduct was so offensive that a reasonable person would have understood that Berger would be upset enough to lose sleep, lose weight, and suffer physical ailments such as ulcers, and that injuries were substantially certain to follow from their actions. A reasonable juror could conclude that Mat-

thews's and Plautz's actions were committed with the intent to cause Berger bodily harm.[6]

Matthews urges us to adopt the result reached in *Hrabak v. Marquip, Inc.*, 798 F. Supp. 550, 553-54 (W.D. Wis. 1992), in which the court concluded that an action for battery and intentional infliction of emotional distress did not constitute an assault intended to cause bodily harm because the plaintiff did not claim that the offensive touching caused physical injury. We decline to do so for two reasons. First, federal decisions on state issues are not binding on state courts in Wisconsin. *Thompson v. Village of Hales Corners*, 115 Wis. 2d 289, 307, 340 N.W.2d 704, 712-13 (1983). We are bound only by the United States Supreme Court on questions of federal law. *State v. Webster*, 114 Wis. 2d 418, 426 n.4, 338 N.W.2d 474, 478 (1983). Second, and perhaps more importantly, this case is factually distinguishable from *Hrabak* in that Berger has averred that Matthews's and Plautz's touching caused her physical injuries while in *Hrabak*, no such allegations were made.

Matthews also argues that because the trial court determined that his and Plautz's actions constituted sexual harassment, Berger is collaterally estopped from asserting a tort claim. We disagree. The doctrine of collateral estoppel is inapplicable in this case because it requires an identity of issues in two separate

---

[6] Matthews argues that any link between his alleged conduct and Berger's injuries is speculative and nebulous given the delay in time between the occurrence of the incidents and Berger's seeking treatment. We disagree. This case is before us on a summary judgment motion. We assume the facts as alleged by Berger, that his actions caused her physical harm, are true.

proceedings "where the controlling facts and applicable legal rules remain unchanged." *State ex rel. Flowers v. DHSS*, 81 Wis. 2d 376, 387, 260 N.W.2d 727, 734 (1978) (quoted source omitted). The issues of fact and law differ in sexual harassment actions on the one hand, and assault intended to cause bodily harm actions on the other hand, and while Matthews's and Plautz's conduct may constitute one, it may also constitute the other. And, unlike the WCA, a tort claim for assault and battery compensable as a sexual harassment claim under the WFEA is not a plaintiff's exclusive remedy. *Becker*, 156 Wis. 2d at 416-17, 456 N.W.2d at 891. Thus, Berger may seek recovery under the WFEA and under a civil suit for assault intended to cause bodily harm.

Matthews also argues that because Berger's injuries may be recoverable under the WCA, the WCA must be her exclusive remedy. We disagree. An employee may have a private cause of action when a coemployee's actions are considered an assault intended to cause bodily harm. In such cases, the legislature has determined that the WCA is not an employee's exclusive remedy for work-related injuries.

Finally, we do not share Matthews's fear that if we find that Berger has averred an assault intended to cause bodily harm based upon the facts alleged in this case, we are "fling[ing] wide open the door to suits by employees against coemployees under the 'assault' exception to the WCA." First, we are not finding that Matthews and Plautz committed assaults intended to cause bodily harm, but rather that a factual dispute exists as to this issue. We leave it to the jury to resolve the factual dispute. Second, Matthews's argument

756

assumes that such behavior as alleged by Berger is common place. While perhaps not rare, we doubt that such conduct is so pervasive as to cause our courts to become overwhelmed. Third, our decision will send an appropriate message to the work place: engage in this type of behavior at your own financial risk. The legislature noted the special nature of assaults intended to cause bodily harm by carving an exception for them within the WCA. Sexual assaults of the nature alleged by Berger are no different. This type of behavior may cause mental *and* physical harm and it need not be forceful to do so. This is not the type of behavior immunized from tort claims by the WCA.

We conclude that genuine issues of material fact exist as to whether Matthews and Plautz intended, by their physical contact with Berger, to cause her bodily harm. Accordingly, we reverse the judgments of the trial court.

*By the Court.*—Judgments reversed and cause remanded with directions.

GARTZKE, P.J. (*dissenting*). The sexually explicit acts Matthews and Plautz allegedly committed against Berger are disgusting and intolerable. But for the exclusivity provision in the Worker's Compensation Act, § 102.03(2), STATS., she probably could seek compensatory and punitive damages in a tort suit against them. The only potentially relevant exception to the exclusivity provision is an "action against any coemploye for an assault intended to cause bodily harm . . . ." *Id.* The disputed element of the exception is whether the acts were "intended to cause bodily harm."

We should apply the same principles applicable to the intentional-acts exclusion in liability insurance policies. In *Loveridge v. Chartier*, 161 Wis. 2d 150, 168-

In Wisconsin, an intentional-acts exclusion precludes insurance coverage only where the insured acts intentionally and intends some harm or injury to follow from the act. *Raby*, 153 Wis. 2d at 110 (citing *Pachucki v. Republic Ins. Co.*, 89 Wis. 2d 703, 710, 278 N.W.2d 898 (1979)). An insured intends to injure or harm another if he "intend[s] the consequences of his act, or believe[s] that they are substantially certain to follow." *Pachucki*, 89 Wis. 2d at 710 (citing Restatement (Second) of Torts, § 8A at 15 (1965)). In other words, intent may be actual (a subjective standard) or inferred by the nature of the insured's intentional act (an objective standard). *Pachucki*, 89 Wis. 2d at 709. Therefore, an intentional-acts exclusion precludes insurance coverage where an intentional act is substantially certain to produce injury even if the insured asserts, honestly or dishonestly, that he did not intend any harm. *Raby*, 153 Wis. 2d at 113. As Professor Prosser commented:

"Intent, however, is broader than a desire to bring about physical results. It must extend not only to those consequences which are desired, but also to those which the actor believes are substantially certain to follow from what he does . . . . The man who fires a bullet into a dense crowd may fervently pray that he will hit no one, but since he must believe and know that he cannot avoid doing so, he intends it. *The practical application of this principle has meant that where a reasonable man in the defendant's position would believe that a particular result was substantially certain to follow, he will be dealt with by the jury, or even by the court, as though he had intended it.*"

*Raby*, 153 Wis. 2d at 111 (emphasis added) (quoting Prosser, *Law of Torts*, at 31-32 (4th ed. 1971)).

Furthermore, the exclusion precludes coverage even if the harm that occurs is different in character or magnitude from that intended by the insured. *Raby*, 153 Wis. 2d at 111 (citing *Pachucki*, 89 Wis. 2d at 714). For example, in *Pachucki*, we held that an intentional-acts exclusion precluded insurance coverage for severe eye injuries even though the insured subjectively intended only to sting the plaintiff by firing a greening pin at his body. *Pachucki*, 89 Wis. 2d at 712.

Ordinarily, the question of whether an insured intended (subjectively or objectively) harm or injury to result from an intentional act is a question of fact. *Raby*, 153 Wis. 2d at 111. However, a court may infer that an insured intended to injure or harm as a matter of law (an objective standard):

"if the degree of certainty that the conduct will cause injury is sufficiently great to justify inferring intent to injure as a matter of law."

*K.A.G. v. Stanford*, 148 Wis. 2d 158, 163, 434 N.W.2d 790 (Ct. App. 1988), *adopted N.N. v. Moraine Mutual Ins. Co.*, 153 Wis. 2d 84, 91-92, 450 N.W.2d 445 (1990). There is no bright-line rule to determine when intent to injure should be inferred as a matter of law.

That Berger suffered physical harm does not satisfy the "intended to cause bodily harm" element in § 102.03(2), STATS. The question is whether a reasonable person in the position of Matthews or Plautz would believe that Berger's physical harm—her loss of weight and stomach pains—were in Professor Prosser's words, "substantially certain to follow" from the acts she claims they committed. Just as a court may infer that a person in such a position intended to injure or

759

harm as a matter of law (the objective standard referred to by the *Loveridge* court), so a court may conclude that intent to injure should not be inferred as a matter of law.

The facts before us are of course unlike the situation described by Professor Prosser, in which a person fires a bullet into a dense crowd, hoping to hit no one. Because the person must believe that he cannot avoid doing so, he intends that someone will be hit. Hitting someone is substantially certain to follow from shooting into a crowd.

Here, a reasonable person in the position of Matthews or Plautz would believe that physical harm to Berger *could* result from the alleged acts. Perhaps a reasonable person in their position would know that the physical harm of which she complains *probably* would result to her. But no reasonable person in their position would know or believe that physical harm to her was *substantially certain* to follow from the alleged acts.

I conclude that, as a matter of law, the exclusivity provision in the Worker's Compensation Act applies, the statutory exception regarding an "assault intended to cause bodily harm" does not apply, and the trial court properly dismissed Berger's claim.